On the trial of the prisoner, the presiding justice charged the jury, among other things, as follows: "The fact of the killing is admitted; that the act was done by the prisoner is not disputed; thus the issue is really reversed from the usual one. The question of his insanity is matter of positive defence, to be affirmatively proved; a failure to prove it is (like the failure to prove any other fact) the misfortune of the party attempting to make the proof; and in this case, as in all cases of fact, you are not to presume what has not been proved, under the distinctions and upon the principles already given you. The act being plainly committed, and that the prisoner did it being undoubted, and the defence set up on his part that he was insane, the burden of the proof is shifted. In the proof of the deed itself, if any reasonable doubt be left on your minds, the prisoner is to be acquitted; but, as sanity is the *Page 60 
natural state, there is no presumption of insanity, and thedefence must be proved beyond a reasonable doubt. If (canvassing the whole evidence on the legal principle laid down in the charge) the prisoner has satisfied you so far beyond areasonable doubt, that you find that he was at the time of the killing so far really insane as not to be responsible (under the distinctions stated to you) for this particular act, you acquit; otherwise you cannot."
No exception was taken to any part of the charge to the jury; but it is claimed by the prisoner's counsel that, by virtue of the provisions of the act of May 12th, 1855 (Laws of 1855, 613), the whole charge is before the court for review on the writ of error; and that, if any part of it is found to be erroneous, the judgment must be reversed for that cause. The third section of the act provides that "every conviction for a capital offence, or for one punishable, as a minimum punishment, by imprisonment in state prison for life, shall be brought before the Supreme Court and Court of Appeals from the courts of oyer and terminer of this state, or from the courts of general sessions of the peace in and for the city and county of New-York, by a writ of error with a stay of proceedings, as matter of right. And the said appellate court may order a new trial, if it shall be satisfied that the verdict against the prisoner was against the weight of evidence or against law, or that justice requires a new trial, whether any exception shall be taken or not in the court below." The title of this act is, "An act to enlarge the jurisdiction of the courts of general and special sessions of the peace in and for the city and county of New-York," and the whole act relates exclusively to the courts mentioned in the title and the courts of oyer and terminer of the city of New-York, except the third section. It is claimed that the act contravenes the section of the constitution of this state (art. 3, § 16) which provides that "No private or local bill which may be passed by the legislature shall embrace more than one subject, and *Page 61 
that shall be expressed in the title," and is therefore void. So far as the provisions of the act regulate, or were intended to regulate, the proceedings in courts of oyer and terminer in the state generally, the subject of it is not expressed in the title. But those provisions are neither local nor private, and had the act contained no other, and yet been passed with its present title, or without any title, it clearly would not have come within the constitutional prohibition; and the question is, are these provisions rendered void by reason of their being contained in the same act with other provisions of local application, the title to the act referring only to the latter provisions. I think not. The act, so far as its provisions relate to the courts of oyer and terminer of the state generally, is a public act of general application, and is therefore not within the prohibition. It is not to be deemed a private or local act because its title so indicates. The character of it is to be determined by its provisions and not its title.
But the court of review is not required by the act to reverse the judgment in a capital case for every error committed upon the trial which would be the subject of an exception. It is only when the court is satisfied that the verdict is against the weight of evidence or against law, or where justice requires it, that the judgment is to be reversed.
When an erroneous ruling or an erroneous charge is excepted to, the judgment is reversed, unless the appellate court is satisfied that the party could not have been prejudiced thereby; but this act requires a reversal only where the court is satisfied that the party has been actually prejudiced; and I do not see how the court can ordinarily be thus satisfied, unless upon a review of the whole evidence introduced upon the trial, a very small portion of which is before us in this case.
The prisoner's counsel, however, complain of that part of the charge in which the jury were instructed, in effect, that unless they were satisfied, beyond a reasonable doubt, that *Page 62 
the prisoner was insane at the time of the homicide, he was not entitled to a verdict of acquittal on that ground. If this part of the charge was erroneous, I think it must be held that the verdict was, in the language of the statute, "against law." That the deceased died from blows inflicted by the prisoner was not disputed upon the trial, the only defence interposed being insanity; and as evidence was introduced tending to substantiate the defence, the verdict should have been predicated upon correct legal rules applicable to such defence.
It is a general rule, applicable to all criminal trials, that to warrant a conviction the evidence should satisfy the jury of the defendant's guilt beyond a reasonable doubt; and it has been held that there is a distinction in this respect between civil and criminal cases. This rule is based upon the presumption of innocence, which always exists in favor of every individual charged with the commission of a crime. It is also a rule, well established by authority, that where, in a criminal case, insanity is set up as a defence, the burden of proving the defence is with the defendant, as the law presumes every man to be sane. But I apprehend that the same evidence will establish the defence which would prove insanity in a civil case. The rule requiring the evidence to satisfy the jury beyond a reasonable doubt is one in favor of the individual on trial charged with crime, and is applicable only to the general conclusion, from the whole evidence, of guilty or not guilty.
In State v. Spencer (1 Zabriskie N.J.R., 196), Chief Justice HORNBLOWER laid down the rule that, in order to acquit a person on the ground of insanity, the proof of insanity, at the time of committing the act, ought to be as clear and satisfactory as the proof of committing the act ought to be in order to find a sane man guilty.
But with all due deference I think the rule is incorrect in principle and contrary to the ancient authorities, especially if, as is said by elementary writers, a jury is authorized to *Page 63 
find a fact, when the effect will be to charge an individual with a debt, from evidence less satisfactory than when it will convict him of a crime.
In Commonwealth v. Kimball (24 Pick., 366), it was held that a charge, in a criminal case, that when the government had made out a prima facie case it was incumbent upon the defendant to restore himself to that presumption of innocence in which he was at the commencement of the trial, was erroneous, and that the instruction should have been that the burden of proof was upon the commonwealth to prove the guilt of the defendant, and that he was to be presumed to be innocent unless the whole evidence in the case satisfied them he was guilty.
In Commonwealth v. Rogers (7 Metc., 500), the defendant was tried on an indictment for murder, and insanity was set up as a defence; and after the jury had retired to consider of their verdict, they returned into court to inquire whether they must be satisfied beyond a doubt of the insanity of the prisoner to entitle him to an acquittal. The chief justice, in reply, instructed them that if the preponderance of the evidence was in favor of the insanity of the prisoner they would be authorized to find him insane.
In Commonwealth v. York (7 Boston L.R., 510), the defendant was tried for homicide; and in answer to a question from the jury whether it was for the prisoner to prove provocation, or mutual combat, and whether he was to have the benefit of any doubts upon that subject, the judge who presided at the trial said in reply, among other things, "that the rule of law is, when the fact of killing is proved to have been committed by the accused, and nothing further is shown, the presumption of law is that it is malicious, and an act of murder, and that the proof of matter of excuse or extenuation lies on the accused; * * * but when there is any evidence tending to show excuse or extenuation, it is for the jury to draw the proper inferences of fact from the whole evidence, and decide the fact, upon which the excuse *Page 64 
or extenuation depends, according to the preponderance of evidence."
I think the part of the charge complained of is erroneous, and that, although no exception was taken, the error is such that, under the provisions of the statute above referred to, the judgment should be reversed for that cause; and if I am right in the above conclusion, it is unnecessary to consider the other questions in the case.