## NEW YORK COMMON PLEAS.

WILLIAM JOYCE, appellant agt. THE MAYCR, &c., OF THE CITY OF NEW YORK, respondents.

An *order* made at special term on the application of the comptroller of the city of New York to open a judgment under the act of April, 1859, *(Laws of* 1859, *p.* 1123, § 5,) is *appealable* to the general term, without a *certificate* of the judge under the rule of this court of March 22, 1851.

The *constitutionality* of this act of 1859, was settled affirmatively by this court in the case of *Outwater* agt. *The Mayor, &c., of New York,* (18 *How. Pr. R.*, 572.)

The *costs on a motion,* being in the discretion of the judge at special term, his decision in this respect will not be reviewed on *appeal.*

*New York General Term, April,* 1860.

THIS was an appeal to the general term of this court from an order made and entered at the special term, vacating a judgment obtained against the defendants by the plaintiff for $2,237.10 with costs.

The facts appear at large in the opinion.

GEORGE R. THOMPSON, *for the appellant.*
ELBRIDGE T. GERRY and WM. CURTIS NOYES, *for the respondents.*

By the court, HILTON, J.   This action appears to have been brought to recover of the defendants the damages which the plaintiff claims to have sustained, by reason of the refusal of the city inspector to award him a contract, for filling in certain sunken lots in this city.   This case, although not in its nature referable, was by the consent of the late corporation counsel, referred to a sole referee to hear and determine.   Upon a report in favor of the plaintiff, judgment has been entered against the defendants for $2,237.10.

Under the authority contained in the " act to authorize the supervisors of the city and county of New York to raise money by tax "passed April 19, 1859, (*Laws of* 1859, *p*. 1123, § 5,) the comptroller applied at special term to open and vacate the judgment to enable the corporation to defend the suit; stating as a ground therefor, his belief that the judgment had been obtained by collusion and was founded in fraud ; also, that the plaintiff was not the lowest bidder for the contract, respecting which the action was brought; and that the damages awarded by the referee exceeded the amount actually paid to the contractor to whom the work was given.

From the order granting the application, the plaintiff appeals; claiming that the act referred to, is unconstitutional and void, that the facts stated by the comptroller were insufficient to justify making the order ; also, that the order was erroneous in not allowing costs to the plaintiff on opening the judgment, inasmuch as it did not appear that he was in fault.   (*See case below,* 20 *How. Pr. R.,* 213.)

On the other hand it is contended that the order made is not appealable without obtaining the certificate of the

judge making it, under the rule of this court, of March 22, 1851, and which has not been procured.

Each of these propositions may be very briefly disposed of.

I. The order was made upon a summary application in an action after judgment and affected a substantial right. It was, therefore, within the class of orders specified in subdivision five, of section 349 of the Code, as subject to revision at general term.

II. The constitutionality of the act of 1859, was examined by Judge DALY in *Outwater* agt. *The Mayor, &c., of New York*, 18 *How. Pr. R.*, 572,) and we agree with him in the views there expressed.

III. The facts disclosed in the affidavits and on the order at special term, in our opinion, warranted the judge in making the order which is the subject of this appeal.

IV. The costs on a motion rests in the discretion of the judge at special term, to be exercised by him upon a consideration of all the circumstances presented; and his decision in this respect we will not review on appeal. (*Perry* agt. *Moore*, 2 *E. D. Smith's R.*, 32; *Eastburn* agt. *Kirk*, 2 *John. Ch. R.*, 317; *Travis* agt. *Waters*, 12 *John.*, 500.)

Order at special term affirmed, with ten dollars costs.