## N. Y. SUPERIOR COURT.

### Jacob Bretz agt. The Mayor, &c., of the City of New York.

The act entitled "An act to enable the board of supervisors of the county of New York to raise money by tax for the use of the corporation of the city of New York, and in relation to the expenditure thereof; and to provide for the auditing and payment of unsettled claims against said city, in relation to actions at law against said corporation," passed April 23, 1867, is a *public statute*, and need not be *pleaded* to give the court jurisdiction to notice it.

*General Term, May,* 1868.

THIS is an appeal taken from an order made at special term by one of the justices of this court, giving judgment for plaintiff overruling demurrer of the defendants to plaintiff's complaint, with leave to answer on the usual terms.

The plaintiff claims to recover damages for injuries sustained by him on the 2d day of December, 1867, setting out in his complaint that defendants negligently left, on the Eighth avenue, openings in the street and obstructions, without signals or lights indicating danger, whereby the plaintiff

in the night time was thrown from his vehicle and injured. To this complaint the defendants demurred, assigning as the only ground that this court had no jurisdiction of the action. The defendants cite section 6 of chapter 586 of the laws of 1867, which is * * * * * * * * and hereafter all actions against the mayor, aldermen and comonalty of the said city shall be brought in the supreme court of the first judicial district, which court shall have exclusive cognizance of such actions.

The opinion given at special term adversely is as follows:

MONELL, J. The act referred to is not pleaded, but I am asked to take judicial cognizance of it as a public statute. The immediate question before me, therefore, is whether such statute is a public or a private or local law. No objection is urged to the complaint, other than that the act referred to has deprived this court of jurisdiction of any action against the corporation of the city of New York. The question of the validity of the act, as conflicting with section sixteen of article three of the constitution of the state, that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in its title," is not properly before me at this time; and I have therefore confined my examination to the only question which is before me. General or public acts are such as relate to or concern the interests of the public at large, and private acts are such as relate to private individuals, or which concern a particular *species* of some general *genus* or thing. Such are the definitions given in *Smith's Commentaries on Statutes* (sec. 795), and in *Dwarris on Statutes* (vol. 2, p. 464). In his enumeration of public acts, they specify those concerning the King, Queen, or Prince, or in the American states, the government and its co-ordinate departments; those concerning the whole spirituality; acts concerning trade in general, or which relate to all subjects of the realm; acts which concern all persons, though of a special nature, such as acts concerning assizes, or woods, or

forests, chases, fisheries and private acts, when recognized by a public act. And in the enumeration of private acts, are such as relate to a particular place, or to divers particular towns, or to one or divers particular counties, &c. Other acts which in their objects and operation are merely local or limited, are nevertheless treated as public acts, either by vir- tue of a special clause declaring them to be so, or because, although limited to a particular section or locality, yet they affect the public at large when acting within that section or locality, in reference to matters within the purview of the act. (*Holland's case*, 4 *Co*. 76 *a*.) "The distinction," says *Blackstone* (1 *Black. Com.* 86), "between public and private statutes is this: A general or public act is a universal rule that regards the whole community, but a special or private act is rather the exception than the rule." There are stat- utes which are local in one sense, which are nevertheless public statutes; for it is not necessary to constitute a statute a public act that it should be equally applicable to all parts of the state. It is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute. In *Pierce* agt. *Kimball* (9 *Greenleaf*, 54), an act which provided for the survey of timber in the county of Penobscot, and prohibited sales unless thus surveyed and marked, was held to be a public act, as it operated upon all persons. So an act for the preservation of fish in a particu- lar river was pronounced a public act, inasmuch as it was obligatory upon all citizens. (*Durnham* agt. *Webster*, 5 *Mass. R.* 266.) A similar decision was made in *Jenkins* agt. *Union Turnpike Co.* (1 *Caines Ca.* 86), where the act incor- porating the company contained a clause vesting the road, on a certain event, in the people, and for that reason it was held to be a public act. And in *Bank of Utica* agt. *Smeeds*, (3 *Cowen R.* 684), the chancellor intimated that the act· authorizing the bank to establish a branch office was a pub- lic act, because the act incorporating the bank declared it to be a public law. The point, however, was not decided.

Again, the act authorizing the railroads of the state to subscribe to the capital stock of another designated railroad was pronounced to be a general law, as it applied to all railroad corporations. (*White* agt. *Syracuse and Utica Railroad Co.* 14 *Barb. R.* 559.) But an act of Congress relative to insolvent debtors within the District of Columbia was held to be only a private statute, of which the state courts were not bound to take notice (*Wright* agt. *Patin*, 10 *John. R.* 300). Indeed all the local statutes which have, as far as my observation has gone, been declared to be public statutes, were either penal statutes affecting all citizens who might offend, or statutes of a remedial character, where all persons might come within their purview (*Pierce* agt. *Kimball, ubi sup.*; *Hendia* agt. *Ayres*, 12 *Pick. R.* 344). In the case of *The Sun Mutual Insurance Co.* agt. *The Mayor, &c., of New York* (8 *N. Y. R*, 4 *Selden*, 241), the validity of an act similar to the one I am considering, passed in 1850, was considered; and although it was not declared in that case that the act of 1850 was a private law, yet such result necessarily followed from the decision, which was that the act did not conflict with the constitutional provision to which I have already referred. If the court had pronounced the act a public statute, the point decided could not have arisen. The case may therefore be regarded as an authority. In two cases also recently decided —one in this court, *Smith* agt. *The Mayor, &c.*, the other in the supreme court of this district, *Pulman* agt. *The Mayor, &c.*, the same view has been taken. The title of the act under consideration, as well as the subjects embraced in it, are of a purely local nature. It is an act to enable the local authorities to raise money by tax for the use of the corporation of the city. It empowers the board of supervisors of the county to cause to be levied and raised by tax, upon the taxable property of the county, for the use of the mayor, aldermen and commonalty of the city of New York, an amount equal to the several sums thereinafter stated. Then follows the several sums needed for the support of the city government.

The act is not penal. It relates exclusively to the raising of money by tax levied upon property belonging to the inhabitants of New York, or such as own property therein; which money is appropriated to the support of the city government. Its operations are confined to this county, and it has no effect even of the remotest character in any other part of the state, or upon the people of any other place. It is an enabling act, necessary for the administration of local government, and relates to and affects the interests of this county exclusively, and in which no other part of the state can have any concern. Nor can it be questioned by any others than those who are thus immediately affected by it. By its title, therefore, as well as in all its provisions, in the effect to be given to them, and in the interests it involves, it is within the definitions I have given, as local and private a law as any that could be enacted. If I am correct that this act, commonly called " the tax levy." is a local statute, then it should have been pleaded, and I cannot take judicial notice of it. My decision goes no further, as I have not deemed it either necessary or proper to look into the act to see whether it is or is not exposed to the constitutional objection urged upon the argument. That question can be determined when the act is formally brought to the notice of the court.

There must be judgment for the plaintiff upon the demurrer with costs, with leave to the defendants to withdraw the demurrer and answer the complaint on payment of costs.

A. H. REAVY, *for plaintiff.*
RICHARD O'GORMAN, *for defendants.*

*By the court,* GARVIN, J. This case comes before us on appeal from an order made at special term, overruling a demurrer to the complaint and ordering judgment for the plaintiff. The defendants insist that this court has no jurisdiction of the action, claiming that section 6 of laws of 1867

(*ch.* 586), in all actions against the mayor, aldermen, &c., of the city of New York, confers exclusive jurisdiction upon the supreme court, and thus precludes this court from entertaining the case. The plaintiff contends that the statute is private and local, and not being set out or referred to in the pleadings, the court will not regard it.

As to private and local enactments, this is the rule. Therefore, whether the sixth section is a public or private and local statute, is the question, not whether the act is private or local in its principal provisions. An act of the legislature may be local and private in many of its provisions, and yet contain an enactment which is neither local nor private. (*Williams* agt. *The People*, 24 *N. Y.* 406.) If a public statute, the courts are bound to notice it. If this court has no jurisdiction of the action, the demurrer must be sustained so far as this particular question has any influence upon its action. But if for any cause the act itself, or this enactment, is unconstitutional, then the decision made by the court at special term is right. If the section is unconstitutional, it is void, and the jurisdiction of the court remains the same, unaffected by the enactment.

The clause of the section in question provides that hereafter all actions against the mayor, aldermen and commonalty of the city of New York shall be brought in the supreme court, which court shall have exclusive cognizance of such actions. The supreme court had jurisdiction of such actions before 1867, but by this provision that jurisdiction is now exclusive. It is enacted not only that all actions against the corporation shall be brought in, but that court shall have exclusive jurisdiction thereof. The legislature intended to effect two purposes: (1.) to confer exclusive jurisdiction upon the supreme court; and (2.) to absolutely take from every other court in the state, in the first instance, the power to entertain any action wherein the corporation of the city of New York are defendants. It is essentially public in its object and purposes. We are not without authority upon the

question.   It has been held in *People* agt. *McCann* (16 *N. Y. R.* 61), that an act local in its general provisions, may contain a section which is public in its character, as contradistinguished from one private or local.   That section contained provisions in relation to the courts of oyer and terminer of the state generally.   It was held to be a public statute.

This principle is approved by DENIO, Judge, in *Williams* agt. *The People* (24 *N. Y. R.* 407).   Can it be said an enactment referring to one class of criminal cases is public and another in regard to a class of civil cases is private, when each prescribes a rule by which parties and courts are to be governed, neither imposing either penalty or forfeiture ?   I think not.   A further examination of the case may be useful, putting the case in a still stronger light.   All courts are bound to look to and take notice of provisions touching their powers and jurisdiction, whether found in the constitution or statutes of the state.   This court derived its powers originally from the statutes enacted by the legislature.   Its continuance, with the powers and jurisdiction then possessed from the constitution of 1846, " until otherwise directed by the legislature."   There can be no doubt of the power of the legislature to add to or take from the power and jurisdiction of the court.   The addition of the last clause of section 6, by way of amendment to the act organizing the court, would deprive the court of jurisdiction of all actions against the city, just as clearly as if it had been in the original statute.   Must not the court take judicial notice of the act bringing it into existence, defining its powers, and all provisions enlarging or restricting its jurisdiction ?   The court of errors, in *Morris* agt. *The People* (3 *Denio R.* 399), in regard to the act declaring the arrears of the salary of a judge of the court of general sessions a county charge, and directing the board of supervisors to audit and allow it, held it was not an appropriation of money for " local or private" purposes, and there was no force in the objection that it was a bill appropriating the public moneys for " local or private purposes," and did not

require a two-thirds vote to pass it (§ 9, *art. 7, Const.* 1821). The same principle was reiterated in *Conner* agt. *The Mayor* (5 *N. Y. R.* 285), changing the mode of compensating the county clerk of· New York (among other officials); by the payment of a salary in lieu of fees. "Acts concerning all persons generally, are deemed public as distinguished from private acts, though it be in regard to a special or particular thing, such as a statute concerning the circuit court, oyer and terminer, woods in forest" (*Bacon's Ab. Title Stat. F*).

The same rule is laid down in *Williams* agt. *The·People*, DENIO, Judge, says : An enactment which "prescribes the rule of counduct for all persons, whether residents in the city or any other portion of the State," is a public and not a private statute, because incorporated in the same act containing local provisions. There certainly can be no doubt about its constitutionality, if it is a public statute. The application of these principles to the case·under consideration is obvious.

The order below should be vacated, and judgment ordered for the defendants upon the demurrer, without costs.

MONELL, J. Since the demurrer in this case was decided by me at special term, my attention has been drawn to the case of *The People* agt. *McCann* (16 *N. Y. R.* 58), which, as a decision of the court of last resort in this state, is controlling upon the only point noticed by me. That case, although cited by the defendants' counsel, was not specially called to my attention on the argument of the demurrer at special term. A re-examination of the case upon the appeal from my decision, has led to a careful perusal of the case of *The People* agt. *McCann*, and as it seems to me to very clearly hold that a provision of a public nature inserted in a local act does not render the latter unconstitutional and void, I am, of course, bound to follow and adopt the law of that case.

I have no doubt that the provisions contained in section 6

of chapter 586 of the laws of 1867, standing by themselves, are of a public nature. They relate to actions against the corporation of the city of New York, and confine jurisdiction over such actions to the supreme court. There is, however, no restriction upon the right to sue by any person having a cause of action, and therefore every person is, or may be, brought within the purview of the statute, though he may not select the forum or tribunal where he will bring his action. These provisions are not unlike those which, in *The People* agt. *McCann* were held to be of a public nature.

As the decision at special term was placed solely on the ground that the act referred to was a private and not a public statute, of which the court would not take judicial notice, and as that objection is now removed by the authority of the case I have cited, it leaves any other objections to the statute open for examination. I fully concur in the view expressed by my associate, Mr. Justice GARVIN, that the superior court, deriving its jurisdiction and powers wholly from the legislature, may be deprived of such jurisdiction at the pleasure of the legislature; and that therefore it was competent for the legislature, by conferring jurisdiction over actions against the corporation of the city of New York to the supreme court, to confer all jurisdiction over such actions. I somewhat more at large expressed my views on this subject in the recent case of *Burnham* agt. *Acton*. It has been suggested that the statute of 1867 is in conflict with the provisions of the constitution, that "all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." (*Const. art.* 8, § 3); but I think, without considering the doubt whether municipal corporations are included in the constitutional provision, that it is very clear that it was only intended to subject corporations to the jurisdiction of such courts as had jurisdiction at the time the corporation was sued, and not to deprive the legislature of the power of diminishing or wholly destroying the powers of any court

not created or protected by the constitution. Such power of the legislature cannot be taken from it by implication merely. But corporations are subject to be sued in all courts in like manner as natural persons; and jurisdiction over such persons has frequently been enlarged or diminished by the legislature.

The general power of the legislature over courts of local or inferior jurisdiction was considered in *ex parte McCallum* (1 *Comst.* 555, 567), and the power of the legislature was there recognized and sustained.

I concur in reversing the order overruling the demurrer.