MARY McLAIN *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

An act of the legislature which contains provisions of a general character is to be regarded as a public act, although its title indicates that it is a local act and the provisions generally are of local application. Unless it is in all respects local, it is to be regarded as a public act.

The act of the Legislature of 1867 (Laws of 1867, vol. 2, p 1606), declaring, among other things, that hereafter all actions against the Mayor, Aldermen and Commonalty of New York, shall be brought in the Supreme Court, which court shall have exclusive cognizance of such actions, is a public, and not a local act, within the meaning of the Constitution, and need not be pleaded.

APPEAL by the plaintiff from a judgment at special term on demurrer to the plaintiff's complaint.

The complaint alleged the infancy of the plaintiff and the appointment of James McLain as her guardian *ad litem*, and "that on or for a long time previous to the 20th of November, 1865, the defendants negligently, in violation of their duty in that behalf, suffered and permitted to be and remain open, uncovered and unguarded and unprotected in any way an area in the public sidewalk, in that portion of the public street or highway known as East 12th street, in the city of New York, in front of the house and premises known as No. 24 East 12th street, which said area is about three feet six inches deep, extending towards the centre of the street about three feet six inches from the front walls of said house, No. 24, and longitudinally along the whole front of said house from the easterly line thereof, westerly to the end of the house and platform stoop of the house No. 22 East 12th street, in which the plaintiff

then resided." That on the 26th of November, 1865, " while standing on the platform stoop of her father's house, she inadvertently made a misstep and fell into the unprotected area of the adjoining house," and that afterwards, and on the 29th day of November, 1865, " while stepping over and upon the same stoop, she inadvertently stumbled and again fell, head foremost," into the same area. That the proper statutory demands had been made on the Comptroller, and the plaintiff demanded judgment for $10,000 damages for the injuries thus sustained.

The defendants demurred to the complaint on the grounds :

1. That the court has no jurisdiction of the action.

2. That the complaint does not state facts sufficient to constitute a cause of action.

The special term gave judgment for the defendants, dismissing the complaint, with costs.

From this judgment, the plaintiff appealed to the General Term.

*A. K. Hadley*, for appellant.

*Richard O' Gorman*, for respondents.

By THE COURT.—BRADY, J.—The plaintiff, who is an infant, brought this action, through her guardian *ad litem*, to recover for injuries sustained by the negligence of the defendants. They demur to the complaint on two grounds :

1. That the complaint does not state facts sufficient to constitute a cause of action, and

2. That this court has no jurisdiction of the action.

The court, at special term, awarded judgment for the defendants on the demurrer, and the plaintiff appeals.

In the disposition of this appeal, it will be necessary only to consider the second ground of demurrer. The defendant invokes the concluding part of section six of the act of 1867 (2d vol. Laws, 1606), authorizing the Supervisors to raise money by tax for the use of the corporation of the city and

county of New York, &c., which declares as follows: "And hereafter all actions against the Mayor, Aldermen and Commonalty of said city, shall be brought in the Supreme Court of the first judicial district, which court shall have exclusive cognizance of such actions." The plaintiff, admitting the force of the statute, nevertheless insists that it is in contravention of Art. 3, § 16, of the Constitution, which provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." The question presented is, whether the act referred to is a private or local one. Acts of a kindred character have been declared to be local (*Outwater* v. *The Mayor, &c.* 18 How. Pr. Rep. 572; *Joyce* v. *The Mayor, &c.* 20 How. Pr. Rep. 439; *Sun Mutual Ins. Co.* v. *The Mayor, &c.* 4 Seld. 241). They differed from the act of 1867, in this, however, that the provision supposed to be objectionable, was not in itself a public act, if extracted from the context, but was incidental to the main subject, and therefore an appropriate part of it. The act of 1867 is not to be deemed a private or local act, because its title so indicates. Its character is to be determined by its provisions and not by its title (*The People* v. *McCann,* 16 N. Y. 58); and applying this rule, the provision relating to the court in which actions shall be commenced against the city, affecting, as it does, all persons alike, whether in or out of the county, is a general one which determines the character of the statute to be public, and that provision is not void by reason of its being contained in the same act with provisions of a local character (*The People* v. *McCann, supra*). The rule established by that case, as I understand it is, that if an act be passed which contains provisions of a general character, it is to be regarded as a public act, although its title indicates that it is a local act, and the provisions generally are of local application. It may be stated also in this way. Unless the act is in all respects local, it is a public act, and to be so regarded. The insertion of a provision of a public character changes the nature of the act, and makes what would otherwise be a local, a public statute. The act of 1867, containing a general enactment, is therefore a public and not a local act, within the

meaning of the Constitution. The precise question herein considered, was passed upon by the general term of the Superior Court of this city, and the same result arrived at. The act was declared to be public, and not within the prohibition of the Constitution referred to (*Bretz* v. *The Mayor*, &c. 35 How. Pr. 130).

The judgment of the special term must be affirmed.

Judgment affirmed.