THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff in Error,
*v.* ABRAHAM SCHRYVER, Defendant in Error.

In criminal trials the people must establish all the material allegations contained in the indictment; must prove the *corpus delicti*, beyond a reasonable doubt; but a justification is to be established on the part of the defence, according to the same rules of evidence that obtain in civil actions.

On the trial of an indictment for manslaughter in the third degree, the killing by the defendant was proved and was not disputed; but it was claimed to have been done in self-defence. The court charged the jury that the prisoner was bound to prove his defence of justifiable homicide "beyond a reasonable doubt."—*Held*, that this was error, and a new trial granted.

If the prisoner claims a justification, he must take upon himself the burden of satisfying the jury by a preponderance of evidence. He must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery and had set up a justification.

The prisoner must make it *appear to the jury* that he was justified. It is not sufficient for him to raise a reasonable doubt; neither is it necessary for him to establish his justification beyond a reasonable doubt. He must make his defence appear to the jury, availing himself of all the evidence in the case on either side. Nothing more and nothing less is required. (*Patterson* v. *The People*, 46 Barb., 625, overruled; *People* v. *McCann*, 16 N. Y., 58, commented on and followed, but the opinion of BROWN. J., doubted.)

(Argued January 4th, 1870, decided March 17th, 1870.)

HAND — VOL. III.          1

ERROR to the General Term of the Supreme Court in the third judicial district, to review the judgment of that court reversing the conviction of defendant in error, at the Ulster sessions, for manslaughter in the third degree.

Abraham Schryver, the defendant in error, was indicted for manslaughter, in the third degree, for killing John Kavanagh at Kingston, Ulster county, on the 17th day of November, 1868. The indictment was brought to trial at the Ulster sessions, in June, 1869, and the defendant was convicted and sentenced to imprisonment for the term of three years. The judgment of conviction was taken, by writ of error, to the Supreme Court, and at the General Term, held in the third district, in September, 1869, was reversed, and a new trial was granted. The case was then brought into this court by writ of error on the part of the people.

On the trial, it appeared that the defendant and Kavanagh met, having had little previous acquaintance. After a few angry words Kavanagh knocked the defendant down two or three times with his fist, upon slight, if any provocation. There was evidence tending to show that after Kavanagh knocked the defendant down, he got upon him and struck him while he was down, and threatened to take his life. After he was knocked down, and either while he was down, or while he was standing (the evidence leaving that point somewhat in doubt), the defendant stabbed Kavanagh with a knife, inflicting a wound of which he died the next day. The evidence tended to show that when the defendant used the knife, he had reason to believe, and did believe that Kavanagh intended to kill him, or to do him great personal injury.

There was no dispute upon the trial that the defendant killed Kavanagh in the manner alleged. But the dispute upon the evidence was whether the killing was necessary in self-defence, and whether the defendant really believed it to be necessary.

The court charged the jury, among other things, as follows

"In all criminal cases there are two fundamental rules to

be borne in mind by the jury; the one is that the prisoner is to be presumed innocent until proved guilty; the other is that the prisoner is entitled to the benefit of any reasonable doubt. But in this case this last rule is only to be applied by you, subject to the conditions and modifications that I shall lay down to you. The killing in this case has been proved, and is conceded, and there is no doubt as to the identity of the prisoner.

"With these conceded facts, the prisoner asserts that the killing was in self-defence, and was justified by the law. It is for him to make this allegation good by proof. If the defendant has given no proof tending to show that the act was committed in self-defence, the necessary self-defence of his person, there is no question before you on this point. If he has given evidence, or if any of the evidence in the case tends to show such a defence, then the question before you is whether such evidence is satisfactory and sufficient."

To each and every portion of said charge the defendant then and there duly excepted.

The Court further charged the jury : "It is for the prisoner to satisfy the jury beyond a reasonable doubt that he did apprehend, and had reason to apprehend, that he was in imminent danger of his life, or of the infliction of some great personal injury.

If the evidence falls short of this, and only raises a doubt whether or not the prisoner stood in fear of his life or his person, that is not sufficient to acquit the prisoner. The evidence must go one step further and satisfy this jury beyond reasonable doubt on this point."

To each and every of which propositions the defendant then and there duly excepted.

*Frederick L. Westbrook* (district attorney), for the plaintiff in error, insisted that the killing with a dangerous weapon being proved and conceded, the burden of proof of justification was upon defendant, and the defence of justification must be proved *beyond a reasonable doubt,* citing :

Cases cited in 1 Wharton's Cr. Law, 614; *The King* v. *Oneby* (2 Ld. Raym., 1485); 1 Allison's Cr. Law, 49; *Com.* v. *York* (9 Met., 115); *Darry* v. *People* (2 Park., 638); *People* v. *McLeod* (1 Hill, 436); T. O. Selfridge's case, Wharton's Law of Homicide, 457; *Rex* v. *Thomas* (7 Car. & P., 817); *Com.* v. *Poke* (Lewis C. L., 394–7); Wharton's Law of Homicide, 189–191; Burr. on Cir. Ev., 446; Roscoe Cr. Ev., 18; *Truesby* v. *State* (5 Iowa, 534); *State* v. *Knight* (43 Maine, 11); *Com.* v. *Knapp* (10 Pick., 484); *Com.* v. *Webster* (5 Cush., 324); *Fife* v. *Com.* (29 Penn., 429); *People* v. *Cotteral* (18 John., 120); Lord Mansfield's charge in Bellingham's case, Collison on Lunacy, 671, and 1 Russ. on Cr., 10; McNaughten's case, 47 Eng. C. L. R., 131; *Com.* v. *Rogers* (7 Met., 500); *State* v. *Spencer* (1 Zabriskie, 196); East's Crown Law, 279; Foster's Crown Law, 290; 4 Bl. Com., 501; 2 Starkie on Ev., 948; 1 Russ. on Cr., 614–616; *Reg.* v. *Smith* (8 Car. & P., 160); *People* v. *Stonecifer* (6 Cal., 405); *State* v. *Neeley* (20 Iowa, 108); *People* v. *Arnold* (15 Cal., 476); BACON, J., in *Patterson* v. *People* (46 Barb., 625).

As to the term "beyond a reasonable doubt," he cited Wills Cir. Ev., 7; Burr. Cir. Ev., 200; 2 Colby, Cr. L., 189; *People* v. *McCann* (16 N. Y., 69), in view of the language of the charge in *Com.* v. *Rogers* (7 Met., 505); *State* v. *Spencer* and *Patterson* v. *People, supra.*

*Wm. Lounsbury*, for the defendant in error.

By the Court—EARL, Ch. J. On the trial the people endeavored to show that the killing was manslaughter in the third degree; and the prisoner, that the killing was in self-defence, and thus justifiable homicide. The court charged the jury that the prisoner was bound to prove his defence of justifiable homicide "beyond a reasonable doubt." In this I think the court erred.

The statute defining manslaughter in the third degree is as follows: "The killing of another in the heat of passion, without a design to effect death, by a dangerous weapon in any

case, except such wherein the killing of another is herein declared to be justifiable or excusable, shall be deemed manslaughter in the third degree." (3 R. S., 5th ed., 940, § 12.)

Homicide by any person is declared by the statute (id., p. 939, § 3) to be justifiable in the following cases:

1. "When resisting any attempt to murder such person, or to commit any felony upon him, &c.; or,

2. "When committed in the lawful defence of such person, &c., when there shall be a reasonable ground to apprehend a design to commit a felony, or to do some great personal injury, and there shall be imminent danger of such design being accomplished."

Then it is provided by section 5, on page 940, that "whenever it shall appear to the jury on the trial of any person indicted for murder or manslaughter, that the alleged homicide was committed under circumstances, or in cases where by law such homicide was justifiable or excusable, the jury shall render a general verdict of not guilty."

Now, what is the rule of evidence as to the burden of proof, not in a case where the prisoner is attempting to show that the homicide is manslaughter instead of murder, but in a case where he is attempting to show that an admitted homicide was justifiable under the statute? In civil cases, where the mischief of an erroneous conclusion is not deemed remediless, it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of truth. But in criminal cases, because of the more serious and irreparable nature of the consequences of a wrong decision, the jurors are required to be satisfied beyond any reasonable doubt of the guilt of the accused, or it is their duty to acquit him, the charge not being proved by that higher degree of evidence which the law demands. In civil cases it is sufficient if the evidence on the whole agrees with and supports the hypothesis which it is adduced to prove; but in criminal cases it must exclude every other hypothesis but that of the

guilt of the party. (1 Greenleaf's Ev., § 13 *a*; 3 id., § 29; *People* v. *McCann*, 16 N. Y., 58.) Reasonable doubt is defined by Chief Justice SHAW, in *Com.* v. *Webster* (5 Cush., 320), to be " that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say, they feel an abiding conviction, to a moral certainty, of the truth of the charge." This degree of certainty is never required in civil cases, but is required in criminal cases by reason of the humane regard which the law has for the life and liberty of persons put upon trial for crimes.

It is a rule, applicable to criminal as well as to civil trials, that the party having the affirmative of any proposition, has the burden of proof, and the people must in all cases sustain this burden beyond a reasonable doubt. But this does not mean that they must thus establish every fact involved in the trial. They must thus establish all the material allegations contained in the indictment. They must thus prove the crime, the *corpus delicti*. In all cases of voluntary, intentional homicide, it is sufficient for the people to prove, beyond a reasonable doubt, that the prisoner killed the person, whose life is alleged to have been taken, and then the burden is upon the prisoner to show that it was justifiable or excusable, if he claims that it was either. In Foster's Crown Law, 255, it is said: " In every charge of murder *the fact of killing being first proved*, all the circumstances of accident, necessity, or infirmity are to be satisfactorily proved by the prisoner, unless they arise out of the evidence produced against him; for the law presumeth the fact to have been founded in malice, until the contrary appeareth, and very right it is that the law should so presume. The defendant, in this instance, standeth upon just the same ground that every other defendant doth; the matters tending to justify, excuse or alleviate, must appear in evidence *before he can avail himself of them.*" In Legg's case (Kel., 27), John Legg was indicted for the murder of Robert Wise; and " it was upon the evidence agreed, that if one kill another and no sudden quarrel appear-

eth, this is murder, and it lieth on the party indicted to prove the sudden quarrel." This was approved in the leading case of the *King* v. *Oneby* (2 Ld. Raym., 1485), in which one objection to the verdict was that the homicide was upon a sudden quarrel, and so but manslaughter, whereupon the court stated the rule thus: "In answer to this objection, I must first take notice that when a man is killed, the law will not presume that it was upon a sudden quarrel, unless it is proved to be; and therefore in *Legg's case* it was agreed upon evidence, that if A kill B, and no sudden quarrel appears, it is murder; for it lies upon the party indicted to prove the sudden quarrel." In 1 Hawk. c. 31, § 32, it is laid down that whenever it appears that a man killed another, it shall be intended *prima facie* that he did it maliciously, unless he can make out the contrary by showing that he did it on a sudden provocation, &c.

In 4 Bl. Com., 201, it is said: "We may take it for a general rule that all homicide is malicious, and of course amounts to murder, unless when justified, excused or alleviated into manslaughter; and all these circumstances of justification, excuse or alleviation, it is incumbent upon the prisoner to make out to the satisfaction of the court and jury." In Best's *Right to Begin and Reply*, page 19, it is said: "Although the law never presumes guilt or fraud in the first instance, yet it is held that where a homicide has once been proven, the law will presume that it was done maliciously, and cast on the party accused the onus of proving either his complete justification or excuse, or such palliating circumstances as may reduce the offence to manslaughter." To the same effect, see 1 Allison's Cr. Law, 49; 1 Russell on Crimes (1st ed.), 614–616; 1 Greenleaf, § 34; 1 Wharton's Cr. Law, §§ 614, 708, 709; Wharton's Law of Homicide, 458; *People* v. *Stonecifer* (6 Cal., 405); *People* v. *Cotteral* (18 John., 115); *People* v. *McLeod* (1 Hill, 377, 436); *Com.* v. *York*, (9 Metcalf, 93).

In York's case, Chief Justice Shaw has discussed the question with a great wealth of learning and thoroughness of

research, and he says : " Suppose a party indicted for manslaughter, and that the defence should be excusable self-defence.   Suppose the fact of killing should be clearly proved, but an attempt to prove a previous violent attack upon him by the deceased should fail, although the evidence might tend to raise some doubt whether there was not such previous attack.   The conviction in such case must rest on proof establishing the *corpus delicti* beyond reasonable doubt, although the whole evidence would raise a doubt, whether there had not been such previous attack.   The proof establishing the necessity for such taking of life in self-defence must be satisfactorily made out.   " Raising a doubt would be insufficient."

In the case of the *People* v. *McCann* (16 N. Y., 58), the presiding justice at the trial charged the jury that the prisoner was bound to prove his defence of insanity " beyond a reasonable doubt."   Whether this charge was correct or not was the only question for the consideration of the Court of Appeals, and it was held to be incorrect, and the judgment was reversed.   Two opinions were written, Judge BOWEN, held that it was enough for the prisoner to establish this defence, as insanity would be proved in a civil case, by a preponderance of evidence.   Judge BROWN held that while the law presumed every man to be sane, when the prisoner introduced evidence tending to show his insanity, the burden devolved upon the people to prove his sanity, like any other material fact in the case, beyond a reasonable doubt.   It does not appear that the court concurred in this view.   It was sufficient for the court to hold that the charge was too unfavorable to the prisoner.   Before Judge BROWN's opinion shall be taken as the settled law, the question will need further consideration, as it does not seem to be supported by the current of authorities.

The judge presiding at the trial of this case is said to have followed in his charge the case of *Patterson* v. *The People* (46 Barb., 625), in which, in a case of homicide, it was held in substance that the prisoner was bound to prove his justifi-

cation beyond a reasonable doubt. No authority is cited to uphold this rule, and it is clearly against every authority that can be found in the books.

The rule that the *corpus delicti* must be proved beyond a reasonable doubt was intended as a shield to prisoners, and must never be used as a sword. In the language of Lord HALE, *tutius semper est errare in acquittando, quam in puniendo, ex parte misericordiæ, quam ex parte justitiæ.*

The people in every case of homicide must prove the *corpus delicti* beyond a reasonable doubt, and if the prisoner claims a justification he must take upon himself the burden of satisfying the jury by a preponderance of evidence. He must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery, and had set up a justification. When a man takes human life, upon which the law sets a high value, it is not sufficient for him to raise a reasonable doubt whether he was justifiable or not, but he must go one step further, and give satisfactory evidence that he was justified. This rule is sufficiently humane to the prisoner, and at the same time gives some protection to human life.

If the conclusion which I have thus reached were not sufficiently clear upon reason and authority, I might rest it upon the wording of the statute as above cited. The statute after defining murder, manslaughter, and justifiable and excusable homicide, provides in section 5 that whenever "it shall appear to the jury" that the homicide was justifiable or excusable, the jury shall render a verdict of not guilty. Here is the rule just as I claim it to be. The prisoner must make it *appear to the jury* that he was justified. It is not sufficient for him to raise a reasonable doubt, neither is it necessary for him to establish his justification beyond a reasonable doubt. He must make his defence appear to the jury; availing himself of all the evidence in the case given on either side Nothing more and nothing less is required.

The judgment should therefore be affirmed.

SUTHERLAND, J.  The case made by the testimony of the witnesses on the part of the people in this case, was the case of an affray between the deceased and the prisoner, commenced by a most unjustifiable and violent assault of the deceased upon the prisoner, in or during which affray, the prisoner stabbed the deceased with a knife, and killed him.

I think on the case made by the testimony of the witnesses for the people alone, the prisoner, without being sworn and testifying himself, and without calling a witness, had the right to have the question, whether the homicide was, under the circumstances, justifiable, submitted to the jury in a proper way.

The case made by the evidence on the part of the people, relieved the prisoner from the burden of showing, on his part, that the fatal wound was given, during or in an affray, and under circumstances which gave him the right to have the question as to the justifiableness of the homicide submitted to the jury.

It is not necessary, therefore, in this case, to determine whether the charge of the court to the jury would have been right, had the burden been on the prisoner to show, that the homicide was committed in an affray, and under circumstances which gave him the right to have the question of justifiableness submitted to the jury.

It is clear, taking the case made by the evidence on the part of the people, that the following part of the charge, to wit. : " The killing in this case, has been proved, and is conceded, and there is no doubt as to the identity of the prisoner. With these conceded facts the prisoner asserts that the killing was in self-defence, and justified by the law. *It is for him to make this allegation good by proof.* If the defendant has given no proof, tending to show that the act was committed in self-defence, the necessary self-defence of his person, there is no question before you on this point," &c., was erroneous, and was likely to have, and probably did have a very unjust and improper influence with the jury, and in producing their verdict.

The charge tended to deprive the prisoner of the benefit of the circumstances under which the homicide was committed, as shown even by the testimony on the part of the people.

The judgment of the General Term of the Supreme Court, reversing the judgment of the Court of Sessions, should be affirmed.

All the judges concurring for affirmance, except INGALLS, J., who did not sit.

Judgment affirmed.