White, J.
The charge of the court in this case is to be understood in the light of the case made by the evidence on the trial. There was no dispute as to the fact that the deceased came to his death from a wound in a vital part, inflicted by the defendant with a deadly weapon. This was admitted by the defendant in his testimony; and he sought to justify or excuse the act, on the ground that he did it in self-defense.
The only question, therefore, is, whether the law devolved upon him the burden of showing the existence of the circumstances necessary to constitute a j ustification or excuse.
The court, in its charge, ruled that it did, and that a preponderance of evidence was all that, was required for *99 tbe purpose. The gist of the instruction which the court refused, was, that the burden was on the state to show beyond a reasonable doubt, by affirmative evidence, otherwise than by the presumption arising from the homicide, that the fatal wound was not inflicted by the defendant in self-defense.
The proposition contained in this instruction would not only destroy the presumptions arising from the homicide, but, by its adoption, what is recognized in the books as a defense, would cease to be such, in any just sense, because the burden would be cast on the state of disproving its existence in order to support the indictment. "We think the ruling of the court was right both upon principle and authority.
■ In Best on Presumptions, itis said to be a presumptio juris, founded partly on the principle, that every person must be taken to intend that which is the immediate and natural consequence of his deliberate acts, but deriving additional force from considerations of public policy, that, where the fact of slaying has been proved, malice must be intended, and that all circumstances of justification or extenuation are to be made out by the accused, unless they appear from the evidence adduced against him. See. 129, p. 177.
The same doctrine is laid down in Poster’s Crown Cases, 225; 1 Hawk. P. C., chap. 13, sec. 32; 1 East P. C. 224, sec. 12; 4 Bl. Com., S. P. 201.
The text writers are fully supported by the adjudged cases.
In Legg’s case, reported in Xelyng, 27, John Legg was indicted for the murder of Robert Wise ; and “ it was upon the evidence agreed, that if one kill another and no sudden quarrel appeareth, this is murder, and it lieth on the party indicted to prove the sudden quarrel.”
In the leading ease of The King v. Oneby, 2 Ld. Raym. 1493, the question arose on a special verdict. The objection was that the homicide was upon a sudden quarrel, and so but manslaughter; whereupon Lord Raymond, C. J., delivering the unanimous opinion of the court* stated the *100 rule thus: “In answer to this objection, I must first take notice that when a man is killed, the law will not presume that it was upon a sudden quarrel, unless it is proved to be; and, therefore, in Legg’s case, it was agreed upon evidence, that if A. kill B., and no sudden quarrel appears, it is murder; for it lies upon the party indicted to prove the sudden quarrel.”
The same principle pervades the later English eases. Thus, in the case of The King v. Greenacre, 8 Car. & P. 42, Tindal, C. J., instructed the jury thus: “There are several principles of law relating to this subject, one of which is perfectly clear, viz: that where it appears that one person’s death has been occasioned by the hands of another, it behooves that other to show from evidence, or by inference from the circumstances of the case, that the offense is of a mitigated character, and does not amount to the crime of murder.” See also Regina v. Kirkham, Id. 116.
The same rule was recognized and applied by the Supreme Court of this state in the case of The State v. Turner, where the presumption was held to be limited, under our statute, to murder in the second degree. Wright, 20. And by the Supreme Court of Massachusetts, in the case of The Commonwealth v. York, 9 Met. 93, and in the subsequent case of The Commonwealth v. Webster, 5 Cush. 305.
True, in the foregoing cases, the question was on reducing the homicide from a higher to a lower grade. But if the burden is on the defendant to show circumstances of mitigation, a fortiori, is the burden on him to show the circumstances to wholly excuse the act.
In Rex v. Morrison, 8 Car. & P. 21, the defendant was on trial for manslaughter. It was argued that as no witness was present at the giving of the wounds, from which death ensued, it could not be said that it was not accidental. In response to this claim, Park, J., said: “ I can not agree to that view of the case; because no person was present, is it to be inferred that it was an accident, without any evidence on the part of the prisoner? I say not.” And the *101 learned judge goes.on to say, that if the homicide be shown to have been occasioned by the prisoner, it “ will be murder or manslaughter, as the circumstances may turn out, unless it is shown by the prisoner to have' been occasioned by accident.”
And in the late case of the People v. Schryver, before the Court of Appeals of New York (42 N. Y. 1), the defendant, on a charge of manslaughter, set up that he killed the deceased in self-defense. The court held, that “the people, in every case of homicide, must prove the corpus delicti beyond a reasonably doubt, and if the prisoner claims a justification, he must take upon himself the burden of satisfying the jury by a preponderance of evidence.” And it was said: “He must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery, and had set up a justification.”
A like principle prevails where the defense of insanity is set up. The materiality of the fact of insanity upon the issue is to rebut the criminal intent of the injurious act, which is presumed to exist from sanity. In regard to this defense, the rule is that the burden is on the defendant to establish it by a preponderance of evidence. Clark v. State, 12 Ohio, 494; Loeffner v. State, 10 Ohio St. 599; Commonwealth v. Eddy, 7 Gray, 583.
The principle of these decisions is, that, in judicial investigation, facts legally presumed are, until rebutted, as effectual as facts proved. And where a party claims to control the legal effect of facts by the alleged existence of other facts, the burden is on him to show a preponderance of evidence in favor of the existence of the latter. Eacts which are neither proved, nor to be presumed, are, for judicial purposes, regarded as not existing.
In regard to the suggestion that the charge was calculated to mislead the j ury, by depriving the defendant of the benefit of grounds of justification or excuse arising out of evidence produced by the state, we deem it only necessary to say, we do not think the charge can be fairly *102 understood as withdrawing from the consideration of the jury any evidence in the case tending to show such justification or excuse. We understand the meaning of the charge to be no more than this, that the burden was on the defendant to show, from the evidence in the case, that the grounds of self-defense existed which would justify him in taking the life of the deceased.

Judgment affirmed.