Andkews, J.
The judge, among other things, charged the jury that, “ to establish a defence on the ground of insanity, it must be clearly proven that, at the time of committing the act (the subject of the indictment), the party accused was *469 laboring under such a defect of reason from disease of the mind as not to know the nature and quality of the act he was doing; and, if he did know it, that he did not know he was doing wrongand to this part of the charge the prisoner, by his counsel, excepted.
The part of the charge excepted to was in the language employed by Tindal, C. J., in McTaughton’s Case (10 Clarke & Fin., 210), in the response of the English judges to the questions put to them by the House of Lords as to what instructions should be given to the jury, on a trial of a prisoner charged with crime, when the insane delusion of the prisoner, at the time of the commission of the alleged act, was interposed as a defence.
All the judges, except one, concurred in the opinion of Tindal, C. J., and the case is of the highest authority; and the rule declared in it has been adhered to by the English courts.
Maulé, J., gave a separate opinion, in which he declared that, to render a person irresponsible for crime on account of unsoundness of mind, the unsoundness should, according to the law, as it has long been understood and held, be such as to render him incapable of knowing right from wrong.
In the case of The People v. Bodine (4 Denio, 9) the language of Tindal, C. J., in the MoPfaughton Case, was quoted and approved; and Beabdsley, J., said: “ Where insanity is interposed as a defence to an indictment for an alleged crime, the inquiry is always brought down to the single question of a capacity to distinguish between right and wrong at the time the act was done.”
The rule was reaffirmed in the case of Willis v. The People (32 N. Y., 717), and it must be regarded as the settled law of this State, that the test of responsibility for criminal acts, where unsoundness of mind is interposed as a defence, is the capacity of the defendant to distinguish between right and wrong at the time of and with respect to the act which is the subject of the inquiry.
We are asked in this case to introduce a new element into *470 the rule of criminal responsibility in cases of alleged insanity, and to hold that the power of choosing right from wrong is as essential to legal responsibility as the capacity of distinguishing between them; and that the absence of the former is consistent with the presence of the latter.
The argument proceeds upon the theory that there is a form of insanity in which the faculties are so disordered and deranged that a man, though he perceives the moral quality of his acts, is unable to control them, and is urged by some mysterious pressure to the commission of acts, the consequences of which he anticipates but cannot avoid.
Whatever medical or scientific authority there may be for this view, it has not been accepted by courts of law.
The vagueness and uncertainty of the inquiry which would be opened, and the manifest danger of introducing the limitation claimed into the rule of responsibility, in cases of crime, may well cause courts to pause before assenting to it.
Indulgence in evil passions weakens the restraining power of the will and conscience; and the rule suggested would be the cover for the commission of crime and its justification. The doctrine that a criminal act may be excused upon the notion of an irresistible impulse to commit it, where the offender has the ability to discover his legal and moral duty in respect to it, has no place in the law. Bolee, B., in jRogers v. AUunt, where, on the trial of an indictment for poisoning, the defendant was alleged to have acted under some moral influence which he could not resist, said: “ Every crime was committed under an influence of such a description ; and the object of the law was to compel people to control these influences.”
The judge intended, by the proposition excepted to, as is apparent from the other parts of the charge, merely to instruct the jury as to the character and extent of mental unsoundness which, if proved, would shield from criminal responsibility; and it must have been so understood by the jury and by counsel; and to the rule thus propounded by the judge the exception was pointed. What was said as to the *471 measure of proof of insanity was incidental and collateral to the main proposition; and if an inadvertent error in phraseology crept in, it did not mislead, and was not excepted to.
In People v. McCann (16 N. Y., 58) it was held that it was error to charge the jury in a criminal case that the insanity of the prisoner must be proved beyond a reasonable doubt to entitle him to an acquittal. This was the extent of the decision. The question was not in the case, whether the prisoner would be entitled to the benefit of a doubt upon the evidence introduced by him to establish the defence. What is said by the learned judges upon that subject is entitled to such weight as their character and learning and their arguments entitle it to. (See People v. Schryver, 42 N. Y., 1.)
It is not necessary for us to consider the question in this case; but we prefer to leave it precisely where the cases cited leave it, an open question, so far as judicial authority in this State is concerned.
The exception considered is the only one presented or argued by counsel, and we are of the opinion that the judgment should be affirmed.
All concur; Rapallo, J., in result.
Judgment affirmed.