(62 Misc. Rep. 419.)

## KOSTERS v. NATIONAL BANK OF AUBURN.

(Supreme Court, Equity Term, Cayuga County. February, 1909.)

1. STATUTES (§ 280*)—PLEADING PRIVATE STATUTE.
    Code Civ. Proc. § 530, providing that, in pleading private statutes, the statute should be referred to by its chapter, year of passage, and title, without setting forth any of its contents, is applicable to a city charter, and in an action based on a liability under such charter a complaint failing to refer to it is subject to demurrer.

    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 379; Dec. Dig. § 280.*]

2. MUNICIPAL CORPORATIONS (§ 808*)—ICE ON SIDEWALK—INJURY TO PEDESTRIAN—LIABILITY OF ABUTTING OWNER.
    A provision of a city charter that the owner of lands fronting on any highway shall keep the highway in repair and unobstructed, and shall be liable for any injury caused by failure so to do, does not render owner of real estate in the city which he does not occupy liable to dam-

ages at the suit of one claiming to have been injured by accumulation of ice and snow on the sidewalk of which the owner had no notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1686; Dec. Dig. § 808.*]

3. MUNICIPAL CORPORATIONS (§ 814*)—ICE ON SIDEWALK—INJURY TO PEDESTRIAN—PARTIES TO ACTION.

Where ice and snow accumulates on a city sidewalk, the right of action to one injured thereby, if it exists, is against the city, and a complaint in an action against the abutting owner, in which the city is not joined, is demurrable for defect of parties.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 814.*]

Action by Abby N. Kosters against the National Bank of Auburn. Demurrer to complaint sustained.

Olmsted, Van Bergen & Canfield, for plaintiff.

Carrington Avery, for defendant.

CLARK, J. This is an action brought by the plaintiff to recover damages she claims to have sustained by reason of falling on a sidewalk in the city of Auburn, where it is alleged there was an unusual accumulation of ice and snow which the defendant had negligently permitted to form and remain on the sidewalk in front of its premises. The defendant demurs to the complaint on two grounds: First, that there is a defect of parties defendant, in that the city of Auburn is not made a party defendant; second, that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, among other things, alleges as follows: That the defendant is a foreign corporation, and was at the times mentioned in the complaint the owner and in possession of the premises known as 122 Genesee street in the city of Auburn, in front of which the defendant owned and maintained a sidewalk; "that, pursuant to the statute in such cases made and provided, which said statute is applicable to the city of Auburn, it became and was the duty of the defendant at all the times hereinafter mentioned, as the owner of lands and premises fronting and abutting upon said Genesee street, to make, maintain, and repair the sidewalk adjoining the said premises, and to keep such sidewalk and the gutter free and clear of and from snow and ice and other obstructions; that the defendant, as such owner and as occupant of said premises, is liable, pursuant to such statute, for any injury or damage caused by its failure to make, maintain, or repair such sidewalk, or to remove snow, ice, or obstructions therefrom, and to keep said sidewalk in a safe, secure, and passable condition for all persons passing upon and over the same;" that, on the 3d day of March, 1908, and for a long time prior thereto, the defendant had negligently permitted the sidewalk in front of its said premises to become dangerous and unsafe by reason of an accumulation of snow and ice upon said sidewalk, forming an obstruction thereon, which defendant negligently permitted to remain; that on the 3d day of March, 1908, while she was walking upon said sidewalk, plaintiff slipped and fell, sustaining the injuries complained of, which were caused by the neg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ligence of the defendant, and without any negligence on the part of the plaintiff.

Section 99 of the charter of the city of Auburn, being chapter 185, p. 376, of the Laws of 1906, provided, among other things:

"That the owner or occupant of lands fronting or abutting on any street, highway, traveled road, * * * shall make, maintain and repair the sidewalk adjoining his lands, and shall keep such sidewalk and the gutter free and clear from snow, ice and all other obstructions and that such owner and occupant, and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk or to remove snow, ice or other obstructions therefrom," etc.

It will be observed that there is nothing in the statute to indicate to whom the owner should be liable in case of failure to observe the conditions of the charter. By the common law there is no obligation on the part of abutting property owners to keep sidewalks free from snow and ice; but the duty to do so, if any, arises out of obligations imposed by statute. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 75 N. E. 1112.

I think that this complaint is defective because it does not specifically refer to the act under which the action is brought. Chapter 185, p. 318, of the Laws of 1906, was an act to revise the charter of the city of Auburn. It is a local statute, and should have been pleaded specifically. Prentice v. Weston, 47 Hun, 121; Bretz v. Mayor, 35 How. Prac. 130. The statute should be referred to specifically by its chapter, year of passage, and title, or in some other manner with convenient certainty, without setting forth any of its contents. Code Civ. Proc. § 530. This was not done in this complaint. It simply says:

"That pursuant to the statute in such cases made and provided, which said statute is applicable to the city of Auburn, it became the duty," etc.

This being a local statute, the defendant had a right to have it pointed out with sufficient certainty in the complaint, so that it would not be necessary to search through the books to find the statute plaintiff was proceeding under. The allegation, in paragraph 4 of the complaint, with reference to this statute and the defendant's duty under it, was not a statement of any fact, but was a conclusion of law, and is insufficient to constitute a cause of action. Rothschild v. Rio Grande W. R. R. Co., 59 Hun, 454, 13 N. Y. Supp. 361; Hall v. Bartlett, 9 Barb. 297.

Moreover, notwithstanding section 99 of the charter of the city of Auburn (Laws 1906, p. 376, c. 185), the city of Auburn was not relieved from liability in cases of this character. It was primarily liable, and cannot relieve itself from such liability by section 99 of its charter. Cushen v. City of Auburn, 22 Wkly. Dig. 387; Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 50 Am. Rep. 492; City of Rochester v. Campbell, 123 N. Y. 415, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. The duty rested upon the city of Auburn to maintain its streets reasonably safe for the use of pedestrians. If the defendant, which was the owner, but not the occupant, of the property in question, had committed any affirmative act to cause an obstruc-

tion on the sidewalk, or a defect in it, the situation would have been different; but here there is no claim that the defendant did anything excepting to "permit" snow and ice to remain on this sidewalk, no notice having been given the defendant that there was any snow thereon, so far as appears in the complaint. So, if this sidewalk became unsafe and was dangerous, it was wholly from natural causes; and, notwithstanding the provisions of the charter above quoted with reference to the duty and liability of an abutting owner, I do not think, in the first instance, that an action would lie exclusively against the owner for damages sustained by a pedestrian, and in favor of the injured party, for the statute does not in terms make the lot owner liable to the party injured, and it would be improper to read into the statute something which it does not contain, and it should not be made to extend beyond its express provisions. Fitzgerald v. Quann, 109 N. Y. 441, 17 N. E. 354; Dean v. Met. El. R. R. Co., 119 N. Y. 540, 23 N. E. 1054; Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501.

I think, if the plaintiff has a cause of action, she should have looked in the first instance to the municipality, and that the demurrer should be sustained, both because it does not state facts sufficient to constitute a cause of action, and also because there is a defect of parties defendant in that the city of Auburn is not made a defendant. The demurrer is therefore sustained, and judgment directed on the demurrer in favor of the defendant, with costs.

Demurrer sustained, and judgment directed on demurrer in favor of defendant, with costs.