## THE PEOPLE *v.* FRANCIS C. COFFMAN.

WAIVER OF ERRORS IN CRIMINAL CASES.—If the defendant, in a criminal action, omits to interpose his objection to any irregularity that occurs in the drawing and impanneling of a trial jury at the time the same occurs, he is deemed to have waived the same, and objections cannot for the first time be raised on a motion for a new trial.

PROOF OF INSANITY IN CRIMINAL CASES.—To establish a defense in a criminal action, on the ground of insanity, it must be clearly proved that at the time of committing the act the accused was laboring under such a defect of reason, from disease of the mind, as not to know the nature or quality of the particular act with which he stands charged, or if he did know its nature and quality, that he did not know it was wrong.

SAME—BURDEN OF PROOF OF.—In a criminal case, if the defendant relies upon insanity as a defense, proof beyond a reasonable doubt is not required, but the burden of proof is cast upon him, and his insanity must be established by such a preponderance of evidence that, if the single issue of the sanity or insanity of the defendant was submitted to the jury in a civil case, they would find that he was insane.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The facts are stated in the opinion of the Court.

*George G. Blanchard,* for Appellant.

In criminal cases especially, the Courts will never affirm a

The People v. Francis C. Coffman.

judgment where any error has occurred on the trial, for every error is presumed to be injurious to the prisoner, and he is *entitled* to a reversal if such error exists; he has a constitutional privilege to stand upon his strict legal rights; his trial must proceed upon legal principles, and strictly so. This maxim of the law has been affirmed by this Court in the case of *The People* v. *Williams*, 18 Cal. 187. The instruction of the Court below is in derogation of and the converse of the doctrine and law laid down by this Court in the case of *The People* v. *Myers*, 20 Cal. 518. Mr. Justice Norton, delivering the opinion of the Court, somewhat modified the doctrine before entertained concerning burden of proof, *prima facie* case, and doubts in criminal cases, where insanity is the defense.

While it is true that the presumption of law is in favor of sanity, yet, when that presumption is fully rebutted, the presumption in favor of innocence would acquit; for, in regard to any substantive fact, upon the existence of which a case rests, the evidence establishing such fact being exactly equal in amount and quality to the evidence disproving the same fact in law or logic, the fact is disproved. This reasoning may seem to be adverse to the position assumed for defendant, and the Attorney-General may say you *assert* that the defendant is insane, and unless you can bring more proof to establish that proposition than I can to disprove it, his sanity is established. This might be true did not the defendant occupy a position in all cases where the preponderance must be against him, and in this case all reasonable doubts are in his favor. Therefore the charge of the Court below that the defendant must make his insanity appear beyond any reasonable doubt, reverses the rule of law, and compels him to establish his defense and innocence beyond a reasonable doubt. The jury under this charge could have believed the defendant insane by preponderating evidence, and yet have entertained a reasonable doubt of the fact, and be compelled under the charge to convict. A case can scarcely be conceived where some reasonable doubt might not arise. "Doubt" is a tenant in common of the mind with conviction, and perhaps reason.

In the case of *The State* v. *Marler*, 2 Alabama, 43, the Court say, the humanity of our law requires that the guilt of the accused should be fully proved. The jury must be satisfied beyond a reasonable doubt of his guilt or he must be acquitted.

The guilt or innocence of the defendant depends upon his sanity or insanity; if insane, he is innocent, and a reasonable doubt of this in the minds of the jury gives to the defendant the *preponderance.* Doubts are never intended to favor guilt. The above charge misled the jury, was erroneous, against law, and therefore entitles defendant to a new trial.

*J. G. McCullough*, Attorney-General, for Respondent.

The law is: if the evidence of the prosecution leaves in doubt any one fact necessary to show defendant's guilt, the defendant is entitled to that doubt and an acquittal. But, when defendant is shown, beyond a reasonable doubt, to have committed the act charged, and defendant sets up in defense a separate independent fact to exculpate himself, he must prove that fact beyond a reasonable doubt. Each, in such case, is held to the same measure of proof.

Every man is presumed to be sane. If defendant sets up the distinct fact of insanity, he must prove it, and prove it beyond a reasonable doubt. In this case the State proved the fact of homicide beyond doubt; defendant pleaded insanity, and he is bound to prove it beyond reasonable doubt. This is the charge of the Court, and is the better opinion. (1 Whar. Cr. Law, §§55, 711; 1 Bennett & Heard's Leading Crim. Cases, 111.) And this is the rule in England and the Circuit Courts of the United States, and, it seems, in all the States that have passed on the question, except New York and Massachusetts. And, though the Massachusetts Editors of the Leading Criminal Cases (Messrs. Bennett & Heard) incline upon theory to an opinion contrary to the rule established by the great preponderance of authority, their suggestions have been disapproved by this Court, and the true rule affirmed. (*People* v. *Myers*, 20 Cal. 518.)

A man need not possess a " sound mind," in order to render

him liable to punishment. There are many cases of unsoundness of mind that do not exempt from punishment—as intoxication; a deprivation of understanding shown to exist in reference to some other act than the one inquired about—in other words, the defendant might be of unsound mind upon every other subject except the one that instigated the murder; the defendant might have been acting under a delusion at the time of the homicide that deceased intended to steal from him, (and, thus far, not of " sound mind,") and still the law holds him guilty of murder—and so of numberless delusions mentioned in the books.

The Court has only to refer to the different heads of " mental unsoundness" in the authorities and text books, to notice how many classes of " unsoundness" do not relieve from punishment. (Whar. & Stille's Medical Jurisprudence, 6–60.)

By the Court, RHODES, J.

The defendant was indicted for the murder of one Deady, and was convicted of murder in the first degree, in the District Court of El Dorado County. The defendant moved for a new trial and in arrest of judgment, both of which motions were overruled, and judgment having been rendered upon the verdict, the defendant appeals.

One of the errors assigned by the defendant is the illegality of the manner of impanneling the trial jury; and to show such illegality he relies wholly upon the affidavit of the Clerk of the District Court, which states that after the regularly summoned jury had been exhausted without completing the jury, the Court ordered ten special jurors to be summoned, and a jury was completed by calling the special jurors from the list, without having their names written upon the ballots and drawn from a box. The affidavit was filed at the time of filing the motions for a new trial and in arrest of judgment. The statement in the record, however, respecting the impanneling of the jury is as follows: " This cause coming on for trial, the following named citizens were duly accepted, impan-

neled, and sworn as the jury to try the cause, to wit." And following this, are the names of twelve jurors.

It does not appear from the record of the proceedings, nor from the statement on appeal, that any irregularity occurred in drawing or impannéling the jury, nor does it appear therefrom, or from said affidavit, that the defendant, at the time, pointed out any irregularity, or objected to any of the proceedings in drawing or impanneling the jury.

The defendant is entitled to have all the formalities observed that are prescribed by law for the summoning, drawing, and impanneling of the jury, and if any omission or irregularity in that respect occurs, he is entitled to have the same corrected, and if not so corrected upon its being pointed out by the defendant, it is error; but as most of those proceedings are merely formal, and do not affect the substantial rights of the defendant, if he omits at the proper time to interpose his objections to any irregularity, he is deemed to have waived them. They cannot be raised for the first time on a motion for a new trial. He will not be permitted to take the chances of a trial before a jury that he knows has not been impanneled in strict conformity to law, and, after an adverse verdict, to move to set it aside on account of an irregularity that he can fairly be deemed to have assented to. This doctrine has been announced by this Court both in respect to grand and trial jurors. (*People* v. *Roberts*, 6 Cal. 215 ; *People* v. *Chung Lit*, 17 Cal. 321 ; *People* v. *Romero*, 18 Cal. 89.)

Second—The defendant also assigned as error the refusal of the Court to give the instructions asked for by him; but he urges the point only in regard to the following instruction : " The possession of a *sound mind* by the defendant at the time of the homicide, is requisite to constitute murder or any other crime." This proposition is clearly not law. A man's mind may be unsound in many respects—indeed, he may be a monomaniac upon any given subject—and yet his mind may be sound in all other respects. Such a man, though quite capable of judging between right and wrong in regard to an act of the nature of that of which he may be accused, cannot be said

to be possessed of a *sound mind*, yet he would be held responsible for the commission of a criminal act, except in a case where his peculiar unsoundness or monomania was involved.

The instruction is too broad and general in its terms, and would be satisfied by evidence of slight unsoundness in respect to matters that had not even a remote connection with the subject matter of the prosecution.

The unsoundness of mind, or insanity, that will constitute a defense in a criminal action is well described by Tindal, C. J., in answer to questions propounded by the House of Lords to the Judges (cited in Roscoe's Cr. Ev. 953.) He says, " that to establish a defense on the ground of insanity, it must be clearly proved that, at the *time* of committing the act, the party accused was laboring under such a defect of reason, from disease of the mind, as not to know *the nature or quality of the act*, or if he did know it, that he did not know he was doing *what was wrong.*"

It is proper to remark here, that although we have followed the counsel of both parties in treating the above instruction as refused, and have, for the reason that they so treated it, taken it under consideration, there is nothing in the record showing that it was refused, except the marginal notes of the Clerk on the transcript. The defendant's instructions are not marked and signed by the Judge as refused, and at the end of a series of seventeen · unnumbered instructions, which are denominated " defendant's instructions given," are the words, " refused, and excepted to by the defendant," and those words, if they had been signed by the Judge, would be construed as applying only to the last instruction.

The defendant also assigns for error, the giving of the following instruction by the Court: " This defendant is presumed to be sane until the contrary is shown, and a doubt upon this question alone should not acquit, for insanity is an affirmative proposition, and should be made to appear beyond any *reasonable doubt.*

There can be no question, that in a criminal case, if the defendant relies upon insanity for his defense, the burden of

proof is cast upon him, and that the allegation of insanity is an affirmative proposition which must be fully and clearly proved in order to rebut the presumption of his sanity; but the only question of difficulty arising upon the instruction respects the amount of proof required to rebut the presumption.

The amount of proof required is neither increased nor diminished, because the evidence for the prosecution first raised the question of the defendant's sanity, and, indeed, a part of the whole proof of the defendant's insanity may result from the evidence offered by the prosecution.

It may be laid down as a general rule that preponderating proof is sufficient to establish a fact in the defendant's favor. This was so held in *People* v. *Milgate*, 5 Cal. 129; also in *People* v. *Stonecifer*, 6 Cal. 410.

In cases where insanity was set up as a defense, the decisions have not been as uniform as in respect to other matters of defense.

Mansfield, Chief Justice, in Billingham's case, 1 Collinson on Lunacy, 636, says: "To support such a defense, (insanity,) it ought to be proved by the most distinct and unquestionable evidence that the person was incapable of judging between right and wrong; that it must be proved beyond all doubt that at the time he committed the act he did not consider that murder was a crime against the laws of God and nature, and that there was no other proof of insanity which would excuse murder or any other crime."

In another case it was held "that the defense of insanity must be clearly made out;" and in a still later case it is said that "every man is presumed to be sane, etc., until the contrary be proved to their entire satisfaction."

Mr. Justice Norton, in delivering the opinion of the Court in the case of *The People* v. *Myers*, 20 Cal. 518, says: "If the burden of proving the existence of insanity rests upon the accused, it follows that this fact must be satisfactorily established, and that is by a preponderance of proof."

In cases where the homicide is clearly established against

the defendant, the only object in proving his insanity is to negative the malicous intent of the defendant, presumed by law, from the act of killing; and if it is proved that the defendant was insane at the time of the commission of the act, that presumption is rebutted.

Insanity, then, being a fact to be proved by the defendant, it must be established by evidence in the case with the same clearness and certainty as any other fact alleged by the defendant in his defense; that is to say, the proof must be such in amount, that if the single issue of the sanity or insanity of the defendant should be submitted to the jury in a civil case, they would find that he was insane. (*People* v. *McCann*, 16 N. Y. 58.)

The instruction being erroneous, the judgment must be reversed, and it is ordered that the cause be remanded for a new trial.

SANDERSON, C. J., having been of counsel for the people in the Court below, did not sit in the case.