# THE STATE OF NEVADA, RESPONDENT, *v.* CHARLES U. McCLUER, APPELLANT.

DEGREE OF PROOF TO REBUT PRESUMPTION OF MURDER.  A charge to the jury in a murder case that, if the intentional killing is established beyond a reasonable doubt, and the proof of the killing does not manifest that the crime amounted only to manslaughter, or was justifiable or excusable homicide, the burden of proving circumstances in mitigation, justification, or excuse, would devolve upon the defendant; and that " this burden being cast upon the defendant, it is not sufficient for him to raise a reasonable doubt in the minds of the jury whether or not such circumstances exist, but it is necessary for him to establish to your satisfaction, by preponderating proof, that there are circumstances to mitigate, justify, or excuse the homicide ": *Held*, error.

ACCUSED PERSONS ENTITLED TO THE BENEFIT OF REASONABLE DOUBT, HOWEVER ARISING.  In criminal prosecutions the guilt of the accused must be proved beyond a reasonable doubt; but if such doubt be raised, it makes no difference whether it be raised by the evidence for the prosecution or by that for the defendant.

PROOF REQUIRED TO SUSTAIN DEFENSE IN MURDER CASES.  Where a voluntary homicide is proved by the State, and its testimony shows no circumstances of mitigation, excuse, or justification, the burden of establishing such mitigation, excuse, or justification, devolves upon the defendants; but he is not required to establish the facts constituting his defense either by proof beyond a reasonable doubt, or by proof preponderating over or outweighing that on the part of the prosecution.

STATE *v.* WATERMAN, (1 Nev. 543) in so far as it expresses an opinion that the rule there held, to the effect that a defendant in a prosecution for robbery is not required to produce preponderating proof to establish the facts of his defense, does not apply in cases of homicide, disapproved.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The defendant was indicted at the September Term, 1868, of the Court below, for the murder of John H. Walker, committed in Lander County on July 29th, 1868, by shooting with a gun.  The trial came on at the same term and resulted in a conviction for murder in the first degree.  Motions in arrest of judgment and for a new trial having been overruled, the defendant appealed.

*Aldrich & DeLong*, for Appellant.

The charge of the Court below left the jury to infer, that even if

from a view of the whole case—that is, from a consideration of the testimony adduced by the prosecution and the defendant—there should be in their minds a reasonable doubt of the guilt of the defendant, they must still convict of murder in the first degree, unless the doubt should be created by testimony adduced by the prosecution. In other words, the defendant must do more (a homicide having been committed by him) than to raise by his proofs a reasonable doubt in the minds of the jury as to his guilt. The law presuming malice in cases of homicide, he must negative the malicious intent by preponderating evidence. Should the jury have a reasonable doubt as to the malicious intent, they must still convict. This was an incorrect statement of the law in its application to the present case, and the defendant has been deprived by the charge of the benefit of that humane principle of law which requires an acquittal where there is reasonable doubt of guilt, whether that doubt be raised by the testimony of the prosecution or defense. Greeenleaf (3 Greenl. Ev. 34) thus lays down the rule : " A distinction is to be noted between civil and criminal cases in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases their duty is to weigh the evidence carefully, and to find for the party the evidence preponderates, although it be not free from reasonable doubt. But in criminal trials the party accused is entitled to the benefit of the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor. It is, therefore, a rule of criminal law that the guilt of the accused must be fully proved. Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the *fact* to the exclusion of all reasonable doubt. " For it is not enough that the evidence goes to show his guilt; it must be inconsistent with the reasonable supposition of his innocence." (See also *Ogletree* v. *The State*, 28 Ala. 693 ; 1 Bishop's Crim. Procedure, 503.)

The charge ignores entirely the existence of any reasonable doubt as to the intent or design with which the killing took place, unless that intent or design were discovered by the testimony for the prosecution.

Again: The jury was told it was not for the State to prove beyond a reasonable doubt that the killing was malicious; but the malice being presumed, it was for the defendant to prove by preponderating evidence, etc., that the killing was not malicious. Does not this entirely ignore and overthrow the doctrine of presumed innocence?

Again: The charge informs the jury that the homicide being proven as having been intentional, malice is presumed; in other words, guilt of murder is presumed. The testimony shows that at the time of the killing the parties were each firing, and it is doubtful which fired first. Admitting that the law presumes murder under such circumstances, which degree of murder is presumed? We insist that only murder in the second degree is presumed, and that the jury should have been thus told. (See dissenting opinion of Lewis, J., in *State* v. *Millain,* 3 Nev. 474.)

*Robert M. Clarke,* Attorney-General, for the Respondent.

It is objected that the instruction of the Court below erroneously stated the rule of evidence. If it be not an entirely sufficient answer to this, that the instruction is in the words of the statute (Stats. 1861, 61, Sec. 33) transposed merely, the objection ought at least to be silenced by the repeated decisions of this Court. In *The State* v. *Waterman,* (1 Nev. 565) the Court says: "Whenever the prosecution establishes a voluntary killing on a trial for murder by proof of the first class, the law presumes malice, and dispenses with all proof thereof by the prosecution. If the defendant attempts to rebut this legal presumption, Courts have generally held that it is not sufficient to raise a doubt as to whether the defendant was actuated by malice, or an excusable motive in taking life. But there must be a preponderance of evidence in favor of the defendant on this point." (See also *The State* v. *Rufus B. Anderson,* 4 Nev. .)

[A number of other points were made and argued by counsel, but as they were not passed on by the Court, and would throw no light on the decision, they are omitted.]

By the Court, LEWIS, C. J. :

The Court below in submitting this case to the jury, charged them in reference to the degree of proof on the part of the State necessary to a conviction, and on that of defendant to an acquittal, in this manner: " If however you should be satisfied beyond all reasonable doubt that the defendant did, on or about the twenty-ninth day of July last, in Lander County, voluntarily, that is intentionally, kill John H. Walker, the law raises the presumption that the killing was malicious, and consequently that it is murder ; and unless the same proof that establishes the killing sufficiently manifest that the crime committed only amounts to manslaughter, or that the accused was justifiable or excused in committing the homicide, the burden of proving circumstances of mitigation, or that justify or excuse it, devolve upon the defendant. This burden being cast upon the defendant, *it is not sufficient for him to raise a reasonable doubt in the minds of the jury whether or not such circumstances exist, but it is necessary for him to establish to your satisfaction by preponderating proof that there are circumstances to mitigate, justify, or excuse the homicide.*"

What is to be understood by the latter clause of this charge ? Clearly, that if the evidence on the part of the State whereby the killing is established did not also develope circumstances sufficient to reduce the crime to manslaughter or to acquit entirely, then the jury might convict of murder, unless the defendant proved by a preponderance of evidence, that is, as we understand it, evidence outweighing that of the State, that he was not guilty of that crime, and that it was not sufficient for him to raise a reasonable doubt in their minds as to whether he was so guilty or not. This, it seems to us, is the fair interpretation of this instruction. The expression " that it is not sufficient for the defendant to raise a reasonable doubt as to whether there were circumstances to justify the homicide," or not, certainly means, that if upon a consideration of the evidence, both for and against the defendant, that for him is only sufficient to make it reasonably doubtful whether he has established his innocence or not, the jury must convict. If it be claimed that the intention was simply to instruct the jury that the

evidence on the part of the defendant taken entirely by itself in nowise considered with respect to the case made out by the State against him—that is, taking the affirmative facts or circumstances upon which the defendant relies for his defense, as if the proof by the State had not in the least disproved them, then the defendant's evidence is not sufficient if it only raise a reasonable doubt as to whether they exist or not; we answer that such is not the purport of the instruction, nor is it at all probable the jury so understood it.    It appears plainly to instruct the jury that the State having made out its case and so thrown the defendant upon his defense, his evidence must do more than raise a reasonable doubt whether he was guilty or not, for if there be a reasonable doubt whether he has established the facts constituting the defense, of course the same doubt exists as to whether he be guilty on the whole evidence or not.    Such is the impression which the language of the instruction is likely to convey, and it is hardly possible to presume that the jury did not so understand it.    So interpreted, the instruction clearly to our mind misstates the law.    It is a wise and humane rule of criminal jurisprudence recognized wherever the common law has made its way, and reaffirmed by our statute law, that in criminal prosecutions the guilt of the defendant must be proven beyond a reasonable doubt.    But how can this instruction be harmonized with this rule ?    Can it be said if the jury have a reasonable doubt whether the defendant was justifiable or not, or whether there were circumstances sufficient to reduce the crime to manslaughter, that they are satisfied of his guilt beyond a reasonable doubt.    How is it possible to have a reasonable doubt whether a certain fact exists or not, and still be satisfied beyond a reasonable doubt that it does exist ?    Now if the jury in this case had a reasonable doubt whether there were circumstances sufficient to reduce the crime of which the defendant is accused to manslaughter, how could they be satisfied beyond a reasonable doubt that he was guilty of murder ?    These two states of mind are as incompatible as light and darkness, or doubt and absolute certainty upon the same proposition.

If all reasonable doubts must be resolved in favor of the defendant, what is the difference whether these doubts be raised by the

evidence for the State or the defendant? There certainly can be none: the letter as well as the spirit of the law makes it incumbent upon the prosecution to establish his guilt beyond a reasonable doubt. The statute, it is true, declares that when the homicide is proven by the State, and no circumstances of mitigation, excuse, or justification are shown, the burden of establishing such mitigation, excuse, or justification devolves upon the defendant; but nothing is said about the degree of proof necessary to be adduced by him to maintain his defense. He is not required to establish the facts constituting his defense beyond a reasonable doubt, (*People* v. *McCann*, 16 N. Y. 58; *People* v. *Coffman*, 24 Cal. 230); nor by evidence preponderating over that produced against him by the State: but only to raise such doubt in the mind of the jury that they cannot be satisfied of his guilt beyond a reasonable doubt. An instruction, substantially like this, was after a very thorough consideration held erroneous by this Court in the case of *The State* v. *Waterman*, (1 Nev. 543). It was said in that case, that perhaps the same rule would not apply in cases of homicide; however, we can see no reason why it should not, nor why the reasoning in that case should not apply here. The conclusion attained in that case, and the views here expressed, are fully borne out by many very respectable authorities: (*The State* v. *Bartlett*, 43 N. Hamp. 224; *Hopps* v. *The People*, 31 Ill. 385; *French* v. *The State*, 12 Ind. 670; *Hall* v. *The State*, 8 Ind. 439; *Commonwealth* v. *McKie*, 1 Gray, 61.) This portion of the instruction is therefore erroneous. Nor do we think the defendant is required to establish his defense to the satisfaction of the jury by *preponderating* proof, if by it is to be understood proof outweighing that on the part of the prosecution. Such is certainly the idea which the instruction naturally conveys. By preponderating evidence, as usually used, is meant evidence outweighing the evidence opposed. The jury in this case must have understood from this portion of the instruction that they could not acquit, unless the proof introduced by the defendant to establish mitigating circumstances outweighed the proof of a deliberate purpose to kill, and the presumption of malice resulting therefrom as made out by the State. Such is not the correct rule of evidence. What has already been said will apply with equal force

to this last portion of the instruction—for if it be sufficient that the defendant's evidence raise a reasonable doubt of his guilt, or rather if it be such that his guilt is not established beyond a reasonable doubt, he must be acquitted—he is certainly not required to prove his defense by preponderating evidence. Upon principle, surely, he cannot be. Nor are we without authority to support these views, as will be seen by an examination of the cases last referred to. In *The State* v. *Bartlett* the question here considered was very ably discussed, and the proposition embodied in this instruction very clearly shown not to be the correct rule of law. In *Hopps* v. *The People*, which was a prosecution for murder—the defense being that of insanity—the lower Court charged the jury, that if the act was proven to their satisfaction by the weight and preponderance of evidence, to have been one of insanity only, the prisoner was entitled to an acquittal, though the defense be not proved beyond all reasonable doubt. This charge, which is certainly more favorable to the prisoner than that in this case, was held incorrect—the majority of the Court holding, that the defendant was not required to establish his defense by preponderating evidence. So in *Hall* v. *The State*, the jury were instructed thus: "If the property stolen, or a portion of it, was found in the possession of the defendant in a short time after the larceny was perpetrated, it would be your duty to find the defendant guilty, unless he satisfies you, from the evidence, that he came by the horse honestly." Upon this the Appellate Court say: "This instruction, as a general proposition, was incorrect. The Court should have told the jury that 'they might' instead of that 'they should' find the defendant guilty. See a correct instruction on this point, in *Engleman* v. *The State*, (2 Ind. 91)—*except as to the modification* we now append to the second branch of the one under consideration, *which is that the defendant was not bound to satisfy the jury that he came honestly by the possession of the property alleged to be stolen; but only to go so far as to raise a reasonable doubt whether he had not so came by it—for in criminal cases the jury must acquit upon a reasonable doubt.*" *French* v. *The State* was a prosecution for murder. Upon the trial the jury were instructed, that "evidence which tends to establish the defendant's guilt, also tends in an equal degree to prove that he was

present at the time and place when and where the deed was committed.   And if he seeks to prove an *alibi*, he must do it by evidence which outweighs that given for the State, tending to fix his presence at the time and place of the crime."   Of this the Appellate Court say : " This instruction is not in accordance with the general rule of law, as applied either in civil or criminal cases—for in the former the defendant is not bound to produce evidence which outweighs that of the plaintiff.   If he produces evidence that exactly balances it so as to leave no preponderance, he defeats the suit against him."

And in criminal cases the rule is, that if the defendant produces evidence which raises a reasonable doubt of the truth of the charge against him, he must be acquitted.   And this doubt may arise upon the whole of the evidence in the case.   " Neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient to convict, unless it generate full belief of the fact of guilt to the exclusion of all reasonable doubt.

There are dicta, and some decided cases admittedly opposed to these views, however we think them fully supported both by principle and the weight of authority.   But, so far as this case is concerned, we might admit that the rule as laid down in *Commonwealth* v. *York*, (9 Met. 93) which is referred to as a leading case in opposition to our opinion without changing the conclusion here arrived at, for, it will be seen, the rule of that case is strictly limited to those cases where the killing is proven by the prosecution to have been committed by the defendant, and nothing further is shown. (*Commonwealth* v. *Hawkins*, 3 Gray, 463.)   But it is conceded by the same Court, that in a case where any evidence whatever is developed by the prosecution tending to mitigate, excuse, or justify the killing, or in any wise to establish a defense, the doctrine of York's case has no application.   Such was the holding in *The Commonwealth* v. *McKie*, (1 Gray, 61) a decision, it appears to us, directly supporting the views we have expressed, when applied to a case like this, where the facts and circumstances constituting the defense were developed by the prosecution.   In that case Mc-Kie was indicted for an assault and battery on one Eaton with a dangerous weapon.   The evidence on the part of the Commonwealth tended to show that the defendant struck Eaton with a dan-

gerous weapon in the manner charged in the indictment; and also that Eaton had spit in the face of the defendant immediately before the striking. The defense was justification, because of the insult offered him. The Appellate Court, although expressly stating that the evidence for the defendant constituted no justification, and saying that the jury should have been instructed that the defendant had not established his defense, and that he was liable to be convicted of the offense charged against him, yet reversed the case because the Court below refused to charge them " that if on all the evidence they were satisfied of the beating, but were left in reasonable doubt whether the beating was justifiable, they should acquit the prisoner." In delivering the opinion of the Court, Judge Bigelow says: " But further, the rule of the burden of proof cannot be made to depend upon the order of proof, or upon the particular mode in which the evidence in the case is introduced. It can make no difference, in this respect, whether the evidence comes from one party or the other. In the case supposed, if it is left in doubt, on the whole evidence, whether the act was the result of accident or design, then the criminal charge is left in doubt. Suppose a case where all the testimony comes from the side of the prosecution. The defendant has a right to say that upon the proof, so introduced, no case is made against him, because there is left in doubt one of the essential elements of the offense charged, namely, the wrongful, unjustifiable, and unlawful intent. The same rule must apply where the evidence comes from both sides, but relates solely to the original transaction constituting the alleged criminal act, and forming part of the res gestœ.

" Even in the case of homicide, where a stricter rule has been held as to the burden of proof than in other criminal cases, upon peculiar reasons applicable to that offense alone, it is conceded that the burden is not shifted by proof of a voluntary killing, where there is excuse or justification apparent on the proof offered in support of the prosecution, or arising out of the circumstances attending the homicide." (Commonwealth v. York, 9 Met. 116; Commonwealth v. Webster, 5 Cush. 305.)

All the circumstances of the killing were shown by the evidence on the part of the prosecution in this case; hence it was error to

charge the jury that it was incumbent on the defendant to satisfy them by a preponderance of evidence of the existence of the facts constituting his defense.   He had the right to claim the benefit of any reasonable doubt upon a consideration of all the evidence.

Judgment reversed and new trial ordered.