State v. Pierce.

---

## THE STATE OF NEVADA, RESPONDENT, v. WILLIAM H. PIERCE, APPELLANT.

CLOSING ARGUMENT IN CAPITAL CASES. Where the defendant in a capital trial was not allowed to close the argument to the jury; but it appeared that two counsel on each side argued the case and that they alternated, the prosecution having the close: *Held*, no error.

SUPERFLUOUS MATTER IN INDICTMENT. An indictment is not insufficient on account of containing more than the statute demands, if there be nothing in it to perplex a person of ordinary understanding or injure the defendant.

POSTPONEMENT OF SENTENCE IN CASE OF ESCAPE—SENTENCE AT SUBSEQUENT TERM. Where a defendant after conviction of murder in the second degree escaped and could not be produced on the day fixed for sentence, and sentence was thereupon postponed until such time as he could be produced; and being produced at a subsequent term he objected that at the expiration of the former term the court lost all jurisdiction of the cause and could not afterwards render any judgment: *Held*, that the objection was frivolous.

TIME FOR SENTENCE. The statutory requirement that a day be fixed for sentence is for the benefit of the convicted person; and if he by escape deprives himself thereof, he cannot complain of being sentenced at any day of any term of court thereafter.

State *v.* Pierce.

INSTRUCTION MUST APPLY TO CASE MADE BY EVIDENCE. Though an instruction asked by defendant in a criminal case and refused be good law, yet, if on appeal no evidence be carried up, the presumption will obtain that there was no evidence on which to base it and that its refusal was correct.

RIGHT OF COURT TO GIVE INSTRUCTIONS IN CRIMINAL CASES ON ITS OWN MOTION. That a court has a right to give instructions to the jury in a criminal case of its own motion, there can be no possible·question.

PROOF BEYOND REASONABLE· DOUBT NOT REQUIRED TO ESTABLISH MITIGATORY CIRCUMSTANCES. Where in a murder case the court instructed to the effect that if the jury found beyond a reasonable doubt that deceased inflicted upon defendant a serious and highly provoking injury, sufficient to excite an irresistible passion in a reasonable person, and that defendant, without any interval sufficient for the voice of reason and humanity to be heard, slew deceased, they should·convict of manslaughter : *Held*, palpably and flagrantly erroneous.

DISTINCTION IN DEGREES OF EVIDENCE REQUIRED IN PROOF OF GUILT OR IN MITIGATION. In criminal cases, evidence tending to prove guilt must be established beyond a reasonable doubt; that tending to mitigate or disprove, by a preponderance of testimony.

AMENDMENT, AFTER FILING, OF BILL OF EXCEPTIONS IN CRIMINAL CASE. Where upon sentence for murder at a term subsequent to that of conviction and after the time for settling and filing a bill of exceptions had expired, defendant was allowed to amend his bill : *Held*, that the court had an unquestionable right to allow such amendment.

SPIRIT OF CRIMINAL LAW—RIGHTS OF ACCUSED PERSONS. No technicality, except by the express letter of the law, should ever deprive an accused person of a· substantial right.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The defendant was indicted by the grand jury of Ormsby County at the November term, 1872, of the murder of George Wilson, alleged to have been committed on September 13, 1872. The indictment charged that defendant on that day·or thereabouts "without authority of law and with malice aforethought did shoot George Wilson at Carson City in the County of Ormsby, State of Nevada, with a six shooting Colt's navy pistol, which he the said defendant William H. Pierce in his right hand then and there had and held, which said pistol was then and there loaded with powder, caps and leaden balls, and did then and there unlawfully and with malice aforethought wound him, the said George Wilson, in and upon the breast and body of him, the said

George Wilson, whereof he the said George Wilson died at Carson City in the County of Ormsby, State of Nevada, on the said thirteenth day of September, A. D. 1872; and by thus unlawfully, feloniously and with malice aforethought shooting him the said George Wilson with a pistol as aforesaid at Carson City, Ormsby County, State of Nevada, on said thirteenth day of September, A. D. 1872, he, the said William H. Pierce, did wilfully, unlawfully, feloniously and with malice aforethought kill and murder him, the said George Wilson, a felony contrary to the form of the statute," etc.

Defendant demurred to the indictment on the ground that it did not conform to the requirements of section 234 of the Criminal Practice Act, nor set forth the offense charged in ordinary and concise language so as to enable a person of ordinary understanding to know what was intended. The demurrer was overruled; and defendant then pleaded not guilty.

The cause having been transferred for trial to Douglas County, came up on December 11, 1872, and was opened by Wm. Patterson, District Attorney, for the State, followed by Mr. Clayton for defense. At the close of the testimony defendant's counsel moved that the defense should have the closing argument, which motion was denied. Mr. Patterson then commenced summing up for the State, and was followed by Mr. Davies for defense; then Mr. Patterson replied for the State; followed by Mr. Clayton for defense; and the argument was closed by Mr. Ellis for the State.

Other facts will be found stated in the opinion; and it may also be stated here that the following points, made by counsel in their written briefs, embrace only a portion of those urged by them on the oral argument. Several of the points, not included in the briefs, are noticed and ruled upon in the opinion.

The defendant was sentenced to imprisonment in the State prison for the term of thirty years. This appeal was from the judgment and orders overruling defendant's motion in arrest of judgment and for new trial.

State v. Pierce.

*Robt. M. Clarke*, for Appellant.

The court erred to the prejudice of defendant in giving the instruction requiring proof beyond a reasonable doubt of provocation by deceased to reduce the offense to manslaughter. The instruction was erroneous for two reasons. First, it excluded the defense of "justifiable homicide," (which defense was included in and asserted by the plea of not guilty,) and in effect told the jury that they must convict the defendant of manslaughter at least. *Davis* v. *Georgia*, 10 Geo. 106. The killing in "manner as charged in the indictment" was a killing in the "method" charged, that is by shooting with a pistol; this might have been done in self-defense, in which case it would have been "justifiable homicide." Second, the instruction not only put the burden of proving circumstances of mitigation upon the defendant, but required him to establish such circumstances of mitigation "beyond any reasonable doubt." It was in law only required of defendant to establish the circumstances of mitigation by a preponderance of proof. Stats. 1861, 61, Sec. 33; 1 Bishop's Crim. Pr., Sec. 105; *People* v. *Arnold*, 15 Cal. 482; 24 Cal. 236; 43 Mo. 127; 43 N. H. 224; 19 Ind. 170.

*L. A. Buckner*, Attorney General, for Respondent.

I. The verdict was rendered and recorded on December 12, 1872; on December 16 defendant escaped from jail; upon which fact being made known to the court by the sheriff, an order was entered postponing the rendition of judgment until some day in a future term when the sheriff could produce defendant. On May 5, 1873, defendant was produced; and upon being asked if he had any legal cause to show why judgment and sentence should not now be pronounced against him, he asked leave to amend his bill of exceptions, which had been filed and settled at the previous December term. The district attorney objected to the proposed amendment on the ground that the bill of exceptions by our criminal code is required to be filed and settled within ten days after the entry

of the verdict. The effect of allowing the amendment five months after rendition and entry of the verdict was to make the instructions of the court a part of the record—which was not record or contained in the bill of exceptions previously settled. We claim that the amendment could not be made and that this court will not look into the instructions because they are no part of the judgment roll. *State* v. *Forsha, ante* 137; *State* v. *Burns, ante,* 251. It will be noted that this point is not as to the *time* the court could have settled the bill of exceptions, but that having already settled and filed such bill it had no authority either by the common law or by our statute to amend it. No such attempt has ever been made in this State, nor can any precedent therefor be found in any other state with a code like ours or where the common law is in force.

II. But whether properly a part of the record or not, the instruction criticized as erroneous is not so. It gives correctly the law of murder in the first and second degree and also of voluntary manslaughter; and as the transcript does not contain any of the evidence the presumptions are in favor of the correctness of the action of the court below. *Champion* v. *Sessions,* 2 Nev. 271; *Lady Bryan G. & S. M. Co.* v. *Lady Bryan M. Co.,* 4 Nev. 414. The object in asking and in giving the instruction was to inform the jury that if the facts proved constituted manslaughter and not murder, then the verdict should be "guilty of manslaughter." The instruction complained of was asked by the defendant.

*Wm. Patterson,* also for Respondent.

I. The indictment was good as containing all the essential facts and averments required by the common law and the statute of this State. Stats. 1867, 126, Sec. 6; *State* v. *O'Flaherty,* 7 Nev. 155.

II. There was no error in allowing counsel to alternate in the argument of the case before the jury. Stats. 1867, 472, Sec. 357.

III. The defendant could be properly sentenced at the May term, 1873, as he had escaped after trial and before the

time fixed for sentence and was not captured until after the adjournment of the December term. The time for passing sentence is left to the discretion of the court with the sole restriction that it must not be less than two days after verdict, if the court intends to remain in session that long; but in no case less than six hours after verdict. Stats. 1861, 482, Sec. 436; *People* v *Felix*, Cal., Oct. term, 1872.


By the Court, WHITMAN, C. J.:

It is objected by the appellant, convicted of murder in the second degree, that he was not allowed to make the final argument to the jury. The statute is as follows: * * * " When the evidence is concluded, unless the case is submitted to the jury on either side or on both sides without argument, the counsel for the people must open and must conclude the argument." * * * " When the state of the pleadings requires it, or in any other case for good reasons and in the sound discretion of the court, the order prescribed in the last section may be departed from." " If the indictment be for an offense punishable with death, two counsel on each side may argue the cause to the jury, in which case they must do so alternately." * * Stats. 1861, 472, Secs. 355, 356, 357. The court may change the order of argument, and in case of the allowance of two counsel must require the argument to alternate. It did not see fit to change the order (and no cause therefor save the request of appellant appears of record) and did so arrange the order of argument that counsel alternated, the prosecution having the close, as the statute peremptorily requires. There was no error in this.

It is again objected that the indictment is insufficient. A careful perusal satisfactorily shows it to be perfectly good, though perhaps through excess of caution containing more than the statute demands; but in this superfluous matter, if so it be, there is nothing to perplex one of ordinary understanding nor to injure this appellant.

State *v.* Pierce.

On the day fixed for sentence the prisoner could not be produced, having escaped, whereupon the following order was made: "And it now appearing to the satisfaction of the court that said defendant can not now be produced in court, it is therefore ordered by the court that the sentence. and judgment of the court be and it is hereby postponed until such time as the said prisoner can be produced in court at a day of a term of this court." At a subsequent term the appellant, having been recaptured, was brought up for sentence and thus objected: "that upon the expiration of the December (A. D. 1872) term of this court all jurisdiction of this cause was lost, and that the court hath not at this time power to render any judgment herein."

The objection was frivolous and exceeding cool. He could not have been legally sentenced in his absence, which was voluntary; and it would have been a vain thing for the court to have fixed while he was at large any definite time for his sentence other than it did fix; that is, some day when he could be produced at a term of court. The statutory requirement that a day be fixed for sentence is for the benefit of the convicted person. In this case the appellant had secured the benefit, and then of his own volition deprived himself thereof. If he lost any thing thereby he had nobody but himself to blame, but in fact he did not lose any thing and was clearly liable to recapture and subsequent sentence at any day of any term thereafter. Any other conclusion would render the administration of the criminal law a farce.

It is further objected, that the court refused the following instruction: "If the jury believe from the testimony that the defendant was laboring under an insane delusion, whether such delusion was founded in fact or not, that he was about to receive a great bodily injury from the attack made upon him by deceased, and that under such circumstances the killing took place, then that the killing was justifiable and that they must acquit." Admitting this requested instruction to be good law, there is no evidence reported in the transcript, and consequently nothing upon which this court could say

20

the instruction could be based. The presumption is there was no such evidence; and so the ruling of the district court must be held to be correct.

That the court properly may give, as in this instance it did, instructions of its own motion was held in *State* v. *Burns, ante*, 251: there can be no possible question of its right under the statute. These several assignments of error have been specifically overruled, as the case must go back for a new trial upon another point, and it is well to clear the way therefor.

After giving the statutory definitions of homicide in all its various branches, the court gave the following instructions (which have been numbered for convenience of reference): "No. 1. The above, gentlemen, is the law of homicide as applicable to this case, and is found in the book of statutes as enacted by the first legislature of this territory in A. D. 1861. 2. A careful examination and study of those several provisions of the statute law will doubtless give you great assistance in arriving at a correct conclusion in your solemn deliberations. 3. This defendant, William H. Pierce, was indicted in November last by the grand jury of the County of Ormsby for the alleged murder of one George Wilson. The cause after due proceedings had in the district court for Ormsby County was transferred to this the County of Douglas for trial. 4. You, gentlemen, are now trying and are expected in due time to render your verdict upon the issues of law and fact raised by this indictment and the plea of "not guilty," which was entered thereto by the prisoner at the bar. 5. The law presumes every accused person to be innocent until his guilt has been fully proved by legal testimony beyond any reasonable doubt. 6. You as jurors are alone the judges of all questions of fact. You are carefully to weigh the testimony which has been allowed before you by the several witnesses and harmonize the same if practicable with some intelligent theory as to the facts involved in this trial. Upon no mere question of fact can the judge offer you any assistance or advice. You will therefore see what are the responsibilities resting upon sworn jurors in

the trial of criminal cases.    7.    To juries the community looks for the upholding of the criminal law where any serious infraction of that law may have occurred, and to those same juries are all accused persons as well to look for the benefit (of) each reasonable doubt upon the question of guilt or innocence.    8.    No motive of favor or vengeance should actuate any juror in the rendition of his verdict.    He should dispassionately render his verdict, whatever it may be, without passion or prejudice.    9.    If you the jury believe from the testimony beyond any reasonable doubt that at the County of Ormsby and State of Nevada, on or about the 13th day of September last and before the finding of this indictment, the defendant William H. Pierce with malice aforethought feloniously, wilfully and unlawfully, with a six shooting revolving pistol in his hand, then and there held, did then and there shoot and kill the said George Wilson, as charged in this indictment, your verdict will be that this defendant is guilty of murder of the first degree, as charged in this indictment.    10.    If you so find the defendant guilty of murder, you will designate in your verdict whether it be murder of the first or of the second degree.    11.    If you believe from the testimony beyond any reasonable doubt that at the time and place above named, the said George Wilson inflicted upon the person of this defendant a serious and highly provoking injury, sufficient to excite an irresistible passion in a reasonable person, and that then and there without any interval sufficient for the voice of reason and humanity to be heard, this defendant slew the said George Wilson in manner as charged in the indictment, you will find this defendant guilty of manslaughter.    12.    If you find from the testimony that the defendant has not been beyond any reasonable doubt proved guilty of any crime coming within the accusation contained in this indictment, you will find the defendant not guilty.    13.    It will be necessary for your entire number, twelve, to agree together before you can render any verdict, whether for conviction or acquittal.    14.    Gentlemen, you will now take this cause; enter with due solemnity

upon your deliberations, and in due time render your verdict."

This charge has been quoted entire that it may of itself, without any very critical exposition in words, illustrate and sustain what will be summarily said thereof in this opinion. In it there is much that is unnecessary and confusing, if not absolutely erroneous: notably, paragraphs two, six, seven and nine balance at best so giddily upon the verge of error that one dreads to look lest they fall therein. Of the whole production it is not improper to suggest that in a case plain and simple as this appears from the record to have been, where probably the only matter pressed for defense was in mitigation of or in exculpation from a confessed and admitted homicide, it is the obvious and easy duty of the court trying such case to make its instructions terse and direct under the well settled rules of law, without indulgence in rhetoric or exhortation.

If this is proper to be said generally of the charge as an entirety, what language shall be used with regard to paragraph eleven? A casual reading produces the conviction, only intensified by careful study, that it is so palpably and flagrantly erroneous that it must have been supposed an inadvertence in the use of language, were it not for the incomprehensible fact that it passed the ordeal of an application for a new trial in the district court and is seriously supported by the prosecution in this. Such being the case, deference thereto requires a glance at the authorities.

Under the indictment here and the statutes of this State, the appellant if convicted could be so of murder in the first degree, murder in the second degree or manslaughter, according to the proofs; and to find either grade of guilt the jury must be satisfied thereof from all the evidence, beyond a reasonable doubt. Such the general rule of law: thus the statute: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt be satisfactorily shown, he is entitled to be acquitted." Stats. 1861, 472, Sec. 358. So the district court substantially charged. On the

same principle, being guilty of some offense to be found under the indictment, any reasonable doubt as to the grade is to be taken in favor of the accused. Says the statute: "When it legally appears that a defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only." *Ib.* Sec. 359.

Under the strictest rule, there is this distinction always to be borne in mind between evidence tending to prove guilt and that tending to mitigate or disprove, whether it come from the prosecution or defense : that tending to prove guilt must be established beyond a reasonable doubt; that tending to mitigate or disprove, by a preponderance of testimony. So when the jury considers whether an asserted fact of defense has or has not been proven they must decide whether the evidence *pro* or *con* outweighs; if the former, the fact is proven; if the latter, it is not. If not proven it is out of the case. If proven, it takes its place along with other received proof ; and if upon the whole evidence from both sides, as finally settled, there is any reasonable doubt of guilt either in existence or degree, the defendant has the benefit of such doubt, either to acquit, or to reduce the grade of crime. *State* v. *McCluer*, 5 Nev. 132.

The rule is stated strongly and clearly by the supreme court of California thus: "Proof beyond a reasonable doubt is necessary to establish a fact against the prisoner; but preponderating proof, proof necessary to satisfy a jury of the fact, is sufficient to establish the fact in his favor. But it must go to this extent, otherwise there is nothing on which the jury can found their belief and warrant them in considering the fact proved. It is not sufficient therefore to raise a doubt, even though it be a reasonable doubt, of the fact of extenuation, simply because it is no proof of the fact." *People* v. *Milgate*, 5 Cal. 127; *People* v. *Coffman*, 24 Cal. 230.

It has been held in some isolated cases, of which *State* v. *Spencer*, 1 Zab. N. J. 196, and *Rex* v. *Offord*, 5 C. & P. 168, are examples, that where insanity is set up as a substantive

defense, it must be proved beyond a reasonable doubt; but the weight of authority is the other way. *State* v. *Bartlett*, 43 N. H. 224; *People* v. *McCann*, 16 N. Y. 58; *Polk* v. *The State*, 19 Ind. 172; *State* v. *Klinger*, 43 Mo. 127. This departure is however confined to that special defense and is sought to be maintained upon peculiar grounds, which cannot here be examined. The rule quoted is the strictest exposition of the law; and that must be taken and understood with the qualification that the defendant need offer no proof unless the prosecution has made out a *prima facie* case beyond a reasonable doubt; and to this effect is our statute, in cases of homicide—taking section 358 before cited in connection with section thirty-three of the crimes act. "Sec. 33. The killing being proved, the burden of proving circumstances of mitigation or that justify or excuse the homicide will devolve on the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide."

There being no evidence submitted by the transcript, the appellant admits that if under any legitimately conceivable state of circumstances the instruction under review could be correct, it must be sustained. From the record it appears that witnesses were sworn on his behalf; so then it must be presumed that apart from the proof by the prosecution of the *res gestæ*, he endeavored to give evidence in mitigation, to reduce his offense from murder to manslaughter. To make this effective what degree of proof was necessary? A preponderance, says the rule hereinbefore laid down; not that it was necessary for him to establish to the satisfaction of the jury by preponderating proof, that there were circumstances to mitigate, justify or excuse the homicide. That was decided, in *State* v. *McCluer, supra*, to be an erroneous statement of the law, in that the jury would conclude therefrom that the proof on defense must preponderate over the proof made by the prosecution; and it is said in *Commonwealth* v. *York*, which is considered of the strictest sect in criminal decisions: "But if the case on the evidence should

be *in equilibrio,* the presumption of innocence will turn the scale in favor of the accused." When therefore it is said that defendant must establish circumstances in mitigation or defense by a preponderance of proof, it is meant that the proof should so preponderate as to the existence of the fact desired to be proved, over the evidence against it, that a jury might properly accept it as proven and then, weighing all proof together, give the benefit of any reasonable doubt arising upon the whole to the defendant.

It never was required to go further; and yet the jury in this case was instructed that the circumstances of mitigation must be proven beyond a reasonable doubt. If any other construction could be given to the language of the instruction, "If you believe from the testimony *beyond any reasonable doubt* that at the time and place above named the said George Wilson inflicted upon the person of this defendant a serious and highly provoking injury," etc., it would be the duty of this court to give it, as by the transcript all presumptions are in its favor; but it cannot be forced into any other form unless the words "beyond any reasonable doubt" be excised bodily. It is too late to do that now. The jury heard the charge; if from the whole thereof and from this instruction in particular they formed any idea, it must have been that the degree of proof required from each side, prosecution and defense, was the same; and that all matter offered in evidence by either stood on the same plane and must be proved beyond any reasonable doubt.

View this instruction in any legal light, even were such as multiform as the whirling changes of a kaleidoscope, and it must remain as it was written, wrong—so baldly, indefensibly wrong, that its giving entitled the appellant to a new trial.

It was insisted by respondent that this charge of the district court should not be here examined, as it was not properly part of the record, having only become so by virtue of an amendment made, against respondent's objection, to appellant's bill of exceptions after the statutory time of settling and filing the same had long expired. The transcript shows

State *v.* Pierce.

that a bill of exceptions was duly settled and filed in December, 1872; that in May, 1873, when appellant was called for sentence, he asked to amend by inserting in the last clause of his bill the words "the annexed;" so that the sentence would read: "The defendant by his counsel further excepted to the action of the court in giving the annexed instructions to the jury" * * * in lieu of "The defendant by his counsel further excepted to the action of the court in giving instructions to the jury" * * * * Whether any instructions were in fact annexed to the original bill of exceptions does not appear; the presumption is that there were such, and that the amendment was simply to correct a clerical error. But taking the opposite ground and admitting that the effect of the amendment was to bring something here which would not otherwise have come, still that the court had the right to allow the amendment is one of those self-evident propositions which preclude argument.

No technicality except by the express letter of the law should ever deprive an accused person of a substantial right. If, as was suggested on the argument (not in the best taste), such rule confers in this special case a benefit on one unworthy, the answer is, the law knows no person; it is not made for the individual man, but for men. As the dew of heaven falls, so it bears alike upon the just and unjust.

It was perhaps unnecessary to attempt to add anything to the exhaustive reasoning of Chief Justice Lewis in the case of *The State* v. *McCluer, supra,* decisive of this; but it has been attempted, in the hope that a unison of ruling might be produced between this and the *nisi prius* courts, which would prevent the certainty of present delay, perhaps the ultimate failure of justice, hardship to defendants, expense both to them and the counties of trial, and, last and least, trouble to the courts, for they are "born unto trouble as the sparks fly upward."

The order, denial of motion, and judgment herein appealed from are reversed and the cause remanded for a new trial.