# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT,

AT THE

## AUGUST TERM, 1881.

TERRITORY, respondent, *v*. EDMONSON, appellant.

EVIDENCE — *Homicide* — *Preponderance of evidence to prove mitigating circumstances.*— In cases of homicide, the true and better rule, according to both principle and statute, is that matters of justification, excuse or mitigation should be proven, as any ordinary fact, by a preponderance of testimony; and it is error to charge a jury that such facts should be proven beyond any reasonable doubt.

*Appeal from First District, Jefferson County.*

JOHN H. SHOBER and J. K. TOOLE, for appellant.

The evidence in the case at bar in some essential points is very conflicting. The prosecuting witness, Shelton, testifies he was unarmed at the time of the alleged assault. The defendant and one Sullivan swear positively that Shelton was armed, and that he drew his revolver and held it in both hands towards Edmonson, before defendant fired. There is no conflict in the evidence that on a previous occasion, at the same place, Shelton was armed, and that he used some threatening language on that occasion towards the defendant, and the evidence is such that, under fair instructions, the jury might reasonably render a verdict of not guilty. Hence

the principal error relied upon by appellant is instruction No. 10, given by the court (see Transcript, pp. 32, 33), wherein the court instructed the jury that the defendant must prove his defense to the satisfaction of the jury beyond a reasonable doubt. This, we contend, was manifest error to the prejudice of defendant, and one upon which there is no conflict of authorities. *People* v. *Schryver*, 1 Am. Reps. 485; *People* v. *Schryver*, 42 N. Y. 1; *State* v. *Pierce*, 8 Nev. 292; *People* v. *McCann*, 16 N. Y. 38; *People* v. *Coffman*, 24 Cal. 230; 20 Cal. 518; *People* v. *Arnold*, 15 Cal. 482; 1 Nev. 544; *People* v. *Millgate*, 5 Cal. 127; *State* v. *Kellyer*, 43 Mo. 127; *Polk* v. *State*, 19 Ind. 172; *State* v. *Battell*, 43 N. H. 224.

2. Injury will be presumed where error appears. *Spangler* v. *Dellinger*, 38 Cal. 278; *Sweeney* v. *Riley*, 42 Cal. 407; *Stokes* v. *People*, 53 N. Y. 183.

3. We also contend that it was error in the court to refuse instructions Nos. 14, 13, 12 and 7. See pp. 27–30 of transcript.

GALBRAITH, J. The indictment in this cause was for an assault with intent to commit murder. The jury found the defendant guilty as charged in the indictment. The defendant, upon his trial, attempted to justify by endeavoring to show that the act constituting the alleged crime was done in self-defense. The testimony tending to show such justification was wholly introduced by the defendant, as none of the testimony of the prosecution indicated any state of circumstances which warranted the shooting. On the other hand, all the testimony of the prosecution was wholly inconsistent with, and tended to repel, such justification. Therefore this is a case wherein the attempted justification is wholly set up by the defense, and is repelled and rebutted by the prosecution. The testimony is of necessity very conflicting. This renders it more imperative to correct the error complained of, if, upon inquiry, we shall find it to have been

error.   Upon the submission of the cause to the jury the
court below gave the following instruction, viz.: " If
the jury believe, from the evidence, that Edmonson shot
Shelton, in manner and form as charged in the indict-
ment, then, in order to justify the act as a matter of
self-defense, it must appear that the danger was so
urgent and pressing that, in order to save his own life,
or to prevent his receiving great bodily harm, the shoot-
ing was absolutely necessary; and it must also appear
that Shelton was the assailant, or that Edmonson had
really and in good faith endeavored to decline any fur-
ther struggle before the shooting.   And it devolves upon
the defendant to prove these facts of self-defense to your
satisfaction, *beyond a reasonable doubt;* and if he has not
done so, you should find the defendant guilty." It will
be observed that the language of this instruction is iden-
tical with that of sec. 34 of the criminal laws in relation
to the justification of self-defense in cases of homicide,
with the exception of that portion thereof which makes
its provisions apply to the crime charged in the indict-
ment, and its conclusion, which is in addition to the
language of the statute, and which requires that the jury
should be satisfied of the facts of justification beyond a
reasonable doubt.   We think there can be no doubt that
the circumstances which would constitute a defense in
a case of homicide, would also constitute a defense in
case of assault with intent to kill.   An assault with
intent to murder contains all the essential elements of
the crime of murder, except the act of killing.   The
definition of an assault with intent to commit murder
simply substitutes the attempt to kill for the killing
itself.   Therefore it may be presumed that the legislature
intended that section 34 of the criminal laws, together
with any other portion of such laws connected with and
bearing upon it, should apply in the case of assault with
intent to commit murder as well as in the case of murder
itself.

Section 40 of the criminal laws applies to the justification of self-defense in cases of homicide, and consequently to the crime charged in the indictment, and is to be taken in connection with section 34. This section is as follows: "The killing being proved, the burden of proving circumstances of mitigation, or that justify or excuse the homicide, will devolve on the accused, unless the proof upon the part of the prosecution sufficiently manifest that the crime committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide."

It will be observed that nowhere in this section appears the language "beyond a reasonable doubt," which is the phrase universally used by the profession and the law writers in relation to the amount or weight of evidence necessary to conviction in criminal cases. The omission of this phrase and the use of the language "burden of proof," and "sufficiently manifest," would lead us strongly to infer that the legislature intended that the facts of mitigation, justification or excuse need only be shown by a preponderance of testimony. Code of Civ. Pro. sec. 513. We are further inclined to the opinion that the legislature used these phrases in the above connection in view and as confirmatory of the rule of law generally prevailing in such cases. What the prevailing rule is we will very briefly consider.

The court of appeals of the state of New York in 1870 expressly overruled the law formerly prevailing in that state, viz.: that when the fact of homicide was made out, and the defendant attempted to justify, that then the burden was upon him to make out this defense beyond a reasonable doubt. *People* v. *Schryver*, 42 N. Y. 1. In this case it was held in substance that the facts of provocation must be established by a preponderance of testimony according to the rules which obtain in civil cases. Earl, C. J., delivering the opinion of the court, and referring to the case of *The People* v. *McCann*, 16 N. Y.

58, says: "The judge presiding at the trial in this case is said to have followed in his charge the case of *Patterson* v. *The People*, 46 Barbour, in which, in a case of homicide, it was held in substance that the prisoner was bound to prove his justification beyond a reasonable doubt. No authority is quoted to uphold this rule, and it is clearly against every authority that can be found in the books. The rule that the *corpus delicti* must be proved beyond a reasonable doubt was intended as a shield to the prisoner and must never be used as a sword. In the language of Lord Hale, *tutius semper est errare in acquittando, quam in puniendo, ex parte, misericordiœ quam ex parte justitiœ.*

"The people, in every case of homicide, must prove the *corpus delicti* beyond a reasonable doubt, and if the prisoner claims a justification, he must take upon himself the burden of satisfying the jury by a preponderance of evidence. He must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery and had set up a justification."

In *William Silvers* v. *The State*, which was an indictment for murder (22 Ohio, 90), White, J., after reviewing some of the earlier and later English cases, also some of those of Massachusetts, New York, and former decisions of his own state, uses this language: "Where a party claims to control the legal effect of facts by the alleged existence of other facts, the burden is on him to show a preponderance of evidence in favor of the existence of the latter."

In *State* v. *Pierce*, 8 Nev. 291, the court below gave the following instruction: "If you believe from the testimony, beyond a reasonable doubt, that at the time and place above named the said George Wilson inflicted upon the person of this defendant a serious and highly provoking injury, sufficient to excite an irresistible passion in a reasonable person, and that then and there, without

VOL. IV — 10

any interval sufficient for the voice of reason and humanity to be heard, this defendant slew the said George Wilson in manner as charged in the indictment, you will find this defendant guilty of manslaughter." In commenting on this instruction, Whitman, C. J., uses the following language: "View this instruction in any legal light, even were such as multiform as the whirling changes of a kaleidoscope, and it must remain as it was written, wrong; so basely, indefensibly wrong, that its giving entitled the defendant to a new trial." "Under the strictest rule, there is always this distinction to be borne in mind between evidence to prove guilt and that tending to mitigate or disprove, whether it come ·from the prosecution or defense: that tending to prove guilt must be established beyond a reasonable doubt; that tending to mitigate or disprove, by a preponderance of evidence."

The supreme court of California, in *People* v. *Coffman*, 24 Cal. 230, has stated the rule in criminal cases thus: "It may be laid down as a general rule that preponderating proof is sufficient to establish a fact in defendant's favor."

We are satisfied, from an examination of the authorities generally, as well as from principle, that the correct and prevailing rule in cases of homicide is that the facts constituting mitigation, justification or excuse should be established by a preponderance of testimony.

In the criminal code of Illinois the same provisions exist as are contained in section 40 of our criminal laws. The language of both is identical. In that state, in a late case, where the court below, upon a trial for murder, charged the jury that "if they should find from the evidence, beyond a reasonable doubt, that the killing of Anna Alexander has been proved as charged in the indictment, then any defense which the defendant may rely upon in justification or excuse of the act, or to reduce the killing to the grade of manslaughter, it is incumbent upon the defendant satisfactorily to establish

by such defense." Mr. Justice Scott, delivering the opinion of a majority of the court, in commenting upon this instruction, says: "The statute has not required him to prove his defense. He is only bound to prove the circumstances of mitigation, or that justify or excuse the homicide, as any other fact is proved. The jury might well understand from the use of the words 'satisfactorily to establish such defense' that something more than mere proof of such circumstances was required. This is stating the rule of law broader than the law will warrant. The statute provides that he is only bound to prove circumstances that justify or excuse the homicide, as any other fact is to be proved, and as this instruction cast upon the accused what may well have been understood to be a higher degree of proof, it is plainly erroneous, and may have prejudiced the defense. A defense, though it might not be satisfactorily proven, yet might be supported by such proof as would produce grave doubts as to the guilt of the prisoner." *Alexander* v. *The People*, 96 Ill. 96. The dissenting opinion does not assume to attack the principle as above asserted by a majority of the court, but is rather confirmatory thereof. The instruction complained of cast a greater burden upon the defendant than the instruction given by the court in the case last referred to, for the giving of which the judgment was reversed. Whether, therefore, we view the instruction complained of in the light of the statute or of the prevailing rule of law in relation to such defenses, we must declare it erroneous. The jury, if instructed that the facts constituting the justification should be established by a preponderance of testimony, might have found a different verdict.

The judgment herein appealed from is reversed, and the cause remanded for a new trial.

*Judgment reversed.*